620 P.2d 1285
**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Filemon GARCIA, Defendant–Appellant.**

**No. 12957.**

Supreme Court of New Mexico.

Dec. 30, 1980.

---

ences indulged in its favor. *State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979). Moreover, a trial court should direct a verdict of acquittal only where there are no reasonable inferences or surrounding circumstances from which the requisite intent may be inferred. *State v. Robinson,* 94 N.M. 693, 616 P.2d 406 (1980); *State v. Manus, supra; State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

Viewed in this context, the evidence and reasonable inferences arising therefrom show that Garcia, was the aggressor in the altercation with the deceased. Further, the deceased started running away when Garcia pulled out a gun. Defendant admitted that he had accomplished his purpose of warning or scaring the deceased before he aimed and fired. In firing the fatal shot, Garcia first looked at the bottom of the gun, held his arms up with the gun straight out in both hands, crouched a bit, hesitated a moment and then fired toward the deceased. Garcia testified that he had considered shooting the gun straight up in the air, but that he had pointed the gun in the direction of the deceased when he fired the fatal shot.

The "deliberate intent" necessary to support a conviction of first–degree murder is set forth in N.M.U.J.I.Crim. 2.00, N.M.S.A. 1978, as follows:

The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action. A calculated judgment and decision may be arrived at in a short period of time. A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill. To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a choice.

Appellant insists that only a few seconds elapsed between the time he pulled the gun and shot the deceased; he therefore did not have the opportunity to weigh or consider the reasons for or against his course of conduct. In the case of *State v. Lucero,* 88

Louis G. Stewart, Jr., Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

FELTER, Justice.

Defendant–appellant (Garcia) was convicted of first–degree murder and sentenced to life imprisonment. He brings a direct appeal to this Court. We affirm.

Garcia claims that the State failed to establish a deliberate intention to kill and that he was entitled to a directed verdict of acquittal on the charge of first–degree murder. Secondly, he asserts that there is evidence in the record to support the giving of a voluntary manslaughter instruction, which the court refused.

In reviewing Garcia's first claim of error, we must view the evidence in the light most favorable to the verdict, with all conflicts resolved and all permissible infer-

N.M. 441, 541 P.2d 430 (1975), defendant and a companion were in the presence of the deceased and decedent's wife. The companion exchanged some unpleasant words with decedent's wife. Defendant then charged the decedent with being a "rat"; decedent asked defendant why he was called a "rat"; and defendant thereupon drew his gun and proceeded to shoot both decedent and decedent's wife. In ruling upon the question of deliberate intent as applied to those facts, the court stated:

> Although a deliberate intention means an intention or decision arrived at after careful thought and after a weighing of the reasons for the commission of the killing, such a decision may be reached in a short period of time. Here there is evidence clearly supporting a deliberate intention on the part of Lucero to kill decedent as well as decedent's wife.
>
> Under these circumstances, the issue of deliberation, as well as all other issues of fact, was for the jury to decide. (Citation omitted.)

*Id.* at 443–444, 541 P.2d at 432–433.

Under the facts and circumstances of the case at bar, the issue of deliberate intent was a question for the injury. No error resulted from the trial court's failure to grant Garcia's motion for a directed verdict of acquittal on the charge of first–degree murder.

 In order to warrant an instruction on voluntary manslaughter, there must be some evidence in the record which would support such an instruction, *State v. Manus, supra,* and which would support a conviction for voluntary manslaughter, *State v. Lujan,* 94 N.M. 232, 608 P.2d 1114 (1980). In order to reduce a charge of first–degree murder to manslaughter, there must be proof of adequate provocation at the time of commission of the crime. *State v. Robinson,* 94 N.M. 693, 616 P.2d 406 (1980); *State v. Nevares,* 36 N.M. 41, 7 P.2d 933 (1932). Moreover, the provocation must be continuing and to such an extent that an ordinary person would not have cooled off before acting. N.M.U.J.I.Crim. 2.20, N.M.S.A. 1978; *State v. Castro,* 92 N.M. 585, 592 P.2d

185 (Ct.App.1979), *cert. denied,* 92 N.M. 621, 593 P.2d 62 (1979).

 The circumstances of the shooting by Garcia as reflected by his own admissions and the uncontroverted evidence fail to establish a prima facie case for manslaughter under the criteria we have set forth. No error resulted from the refusal to give a voluntary manslaughter instruction. The judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, Senior Justice, concur.