630 P.2d 304

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Omer J. OGLESBY, Defendant-Appellant.**

**No. 5104.**

Court of Appeals of New Mexico.

June 11, 1981.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

■ Defendant appeals from a finding and sentence as an habitual offender, pursuant to § 31–18–17, N.M.S.A.1978 (Supp. 1980). This case was assigned to the summary calendar with affirmance proposed. Defendant has filed a timely memorandum in opposition in which he addresses the issue of a double jeopardy violation. We are bound to follow the dictates of our Supreme Court in this regard. That Court has held that the imposition of an enhanced sentence after defendant has already begun serving his sentence on the underlying felony conviction is not violative of constitutional double jeopardy provisions. *State v. Garcia*, 95 N.M. 260, 620 P.2d 1285 (1981); *State v. James*, 94 N.M. 604, 614 P.2d 16 (1980). *See also, State v. Stout*, 96 N.M. 29, 627 P.2d 871 (1981).

■ Defendant does not contest our proposed disposition on the basis of the *ex post facto* laws. However, this issue merits a brief comment. The Habitual Offender Act is not an *ex post facto* law since it is procedural in nature. *State v. Bevelle*, 527 S.W.2d 657 (Mo.App.1975). Moreover, it does not punish criminals for earlier offenses, but merely increases the penalty for the repetition of criminal conduct. *Beland v. United States*, 128 F.2d 795 (5th Cir. 1942); *People v. Stone*, 159 P.2d 701, 69 Cal.App.2d 533 (1945).

Accordingly, defendant's conviction as an habitual offender is affirmed.

IT IS SO ORDERED.

HERNANDEZ, C. J., and LOPEZ, J., concur.