895 P.2d 229

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Alfred Ray HALL, Defendant–Appellant.**

**No. 15873.**

Court of Appeals of New Mexico.

Jan. 19, 1995.

Certiorari Denied Feb. 27, 1995.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Rita LaLumia, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant pled guilty to driving while under the influence of intoxicating liquor (DWI). The judgment appealed from was filed on September 28, 1994. The notice of appeal was timely filed on October 4, 1994, and the docketing statement was timely filed on October 6, 1994. Defendant appeals the enhancement of his sentence pursuant to his conviction for DWI. The calendar notice proposed summary affirmance. Defendant has responded with a timely memorandum in opposition which was filed December 5 pursuant to an extension of time granted by this Court. We are not persuaded by Defendant's memorandum and therefore affirm.

## FACTS

The facts giving rise to the issue raised on appeal are uncontested. Defendant was charged with DWI under NMSA 1978, Section 66–8–102 (Repl.Pamp.1994), based on an incident that occurred on June 17, 1994. Defendant was given notice that the State would seek to enhance the charge of DWI pursuant to the 1993 amendment to Section 66–8–102 (the new DWI statute), where Defendant could be found guilty of a fourth degree felony. Defendant admitted to the charge of DWI, but objected to use of previous DWI convictions to enhance his sentence. At the sentencing phase, the State introduced evidence of three prior DWI convictions with proper showing of counsel or waiver.

## DISCUSSION

Defendant contends that the words "under this section" without more, limit the State's use of prior convictions; he can only be punished under Subsection E of the amended DWI statute, because he has only one conviction "under this section." Defendant cites *State v. Russell*, 113 N.M. 121, 823 P.2d 921 (Ct.App.1991), to support his interpretation of "under this section."

In *Russell*, this Court discussed an interpretation of "under this section" in the context of DWI law. *Id.* at 123–26, 823 P.2d at 923–26. *Russell* involved three previous DWI convictions under a municipal ordinance and a fourth conviction under Section 66–8–102. *Id.* at 122, 823 P.2d at 922. Although *Russell* held that the three convictions under the municipal ordinance were valid and could be used to distinguish between a first offender and a subsequent offender, this Court was not persuaded that these previous convictions could be used as offenses under Section 66–

8–102 for purposes of imposing a mandatory jail sentence not to be suspended, deferred, or taken under advisement for a fourth or subsequent conviction. *Id.* at 126, 823 P.2d at 926; *see also* 1988 N.M. Laws, ch. 56, § 8.

The case at present is different. We note that the legislature enacted a provision in the new DWI statute specifically stating that DWI convictions under a municipal ordinance can be used to determine whether a DWI conviction is a second *or subsequent* conviction under the new DWI statute (emphasis added). *See* NMSA 1978, § 66–8–102(J) (Cum.Supp.1993). The term "subsequent offender" was added to the new DWI statute and is defined as someone who has been convicted of DWI under a federal law, state statute, or municipal ordinance. *Russell,* 113 N.M. at 128, 823 P.2d at 928 (Chavez, J., dissenting). If previous convictions under DWI municipal ordinances can be used for enhancement purposes, then it clearly follows that previous convictions under the state DWI statute can be used under the new DWI statute for enhancement purposes. Accordingly, we hold that the term "under this section" means under Section 66–8–102.

Defendant also argues that ᵗhe enhancement of his sentence under the new DWI statute constitutes an *ex post facto* application of the amendments to the DWI statute and is therefore a denial of due process. "An *ex post facto* law has been defined … as one 'that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action,' or 'that *aggravates* a *crime,* or makes it *greater* than it was, when committed.' " *State v. Alderette,* 111 N.M. 297, 300, 804 P.2d 1116, 1119 (Ct.App.1990) (quoting *Bouie v. City of Columbia,* 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798))).

██ Statutes imposing additional punishments upon persons previously convicted of crimes do not punish habitual criminals for their earlier offenses, but merely increase the penalty for repetition of further acts of criminal conduct. *State v. Oglesby,* 96 N.M. 352, 353, 630 P.2d 304, 305 (Ct.App.1981). A sentence that is statutorily enhanced because of a predicate conviction, even though occurring before the enhancement of the penalty provisions, does not violate the constitutional prohibitions against *ex post facto* laws. *United States v. Ahumada–Avalos,* 875 F.2d 681, 684 (9th Cir.), *cert. denied,* 493 U.S. 837, 110 S.Ct. 118, 107 L.Ed.2d 79 (1989).

Defendant relies on *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), and *Bouie.* In *Dobbert,* the United States Supreme Court examined whether a new criminal statute violated constitutional prohibitions against *ex post facto* laws. *Dobbert,* 432 U.S. at 298, 97 S.Ct. at 2300. The Court held that "the existence of the statute served as an 'operative fact' to warn the petitioner of the penalty which Florida would seek to impose on him if he were convicted" and was "in sufficient compliance with the *ex post facto* provision of the United States Constitution." *Id.* In *Bouie,* the United States Supreme Court examined whether the construction of a criminal statute violated defendants' due process rights. *Bouie,* 378 U.S. at 349, 84 S.Ct. at 1700. The Court, in holding that the construction of the criminal statute violated the Due Process Clause, stated that the criminal statute provided "no fair warning of the criminal prohibition under which [the defendants] now stand convicted." *Id.* at 361, 84 S.Ct. at 1706.

In *Alderette,* this Court held that due process prevented retroactive application of the changed construction to a statute concerning escapes from jail. *Id.,* 111 N.M. at 298, 804 P.2d at 1117. The change involved construing a statute so as to encompass escapes by persons held on criminal charges as well as those persons held on civil contempt charges. *Id.*

In the present case there was no such changed construction of the DWI statute. Under the amendments to the DWI statute, if a person is convicted of a fourth offense, that person is guilty of a fourth degree felony punishable by a jail term of not less than six months which shall not be suspended or deferred or taken under advisement. *See* § 66–8–102(G). This provision is also contained in the previous enactment of Section 66–8–102(E)(2) (Cum.Supp.1993). Defendant's conduct under the previous DWI stat-

710

ute was criminal, and remains criminal under the new DWI statute. *See Alderette*, 111 N.M. at 300, 804 P.2d at 1119.

Since Defendant's actions occurred six months after the new DWI statute was enacted, Defendant had "fair warning" that if he violated the new DWI statute his previous convictions for DWI could be used to enhance his sentence. *See Dobbert*, 432 U.S. at 298, 97 S.Ct. at 2300–01; *cf. Bouie*, 378 U.S. at 361, 84 S.Ct. at 1706–07. Therefore, Defendant was not denied due process. *Cf. Alderette*, 111 N.M. at 300, 804 P.2d at 1119 (Due Process Clause prevents retroactive applications of changed construction of statute).

Defendant attempts to argue that he must be punished as a "first offender" under Subsection E of the new DWI statute, because he has only one conviction "under this section." *See* § 66–8–102(E). We disagree, and believe that the legislature intended that the new DWI statute should be read as a whole. *See State v. Sinyard*, 100 N.M. 694, 697, 675 P.2d 426, 429 (Ct.App.1983) (each section or part should be construed in connection with every other part or section and read as a whole), *cert. denied*, 100 N.M. 689, 675 P.2d 421 (1984). Moreover, to adopt Defendant's interpretation of the statute would defeat its intended purpose, achieve an absurd result by providing a "DWI amnesty" for those convicted under previous enactments of the DWI statute, and contravene the public policy behind the DWI statute, which is to get drunk drivers off the road. *See Alderette*, 111 N.M. at 299, 804 P.2d at 1118; *Incorporated County of Los Alamos v. Johnson*, 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989).

We hold that the trial court's enhancement of Defendant's sentence neither constituted an *ex post facto* application of the new DWI statute nor a denial of Defendant's due process rights. We therefore affirm the enhancement of Defendant's sentence, and the judgment and sentence entered below.

**IT IS SO ORDERED.**

DONNELLY and BLACK, JJ., concur.