910 P.2d 935

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Tommy NELSON, Defendant–Appellee.**

**No. 16161.**

Court of Appeals of New Mexico.

Dec. 1, 1995.

Certiorari Denied Jan. 23, 1996.

Tom Udall, Attorney General, Joel Jacobsen, Asst. Attorney General, Santa Fe, for Plaintiff–Appellant.

Hilary Lamberton, Lamberton & Riedel, Santa Fe, for Defendant–Appellee.

## OPINION

BUSTAMANTE, Judge.

1. The State's appeal in this case presents a single issue: whether a valid out-of-state conviction for driving under the influence of intoxicating liquor or drugs (DWI) constitutes a prior conviction sufficient to enhance a sentence under the penalty enhancement provisions of the Motor Vehicle Code, NMSA 1978, §§ 66–1–1 to 66–8–140 [except 66–8–102.1] (Repl.Pamp.1994 & Supp. 1995) (the MVC), specifically the amended DWI statute, Section 66–8–102. For the reasons that follow, we find it does not and thus affirm the district court.

## FACTS AND PROCEDURAL BACKGROUND

2. The pertinent facts are not in dispute. On August 8, 1994, Defendant Tommy Nelson (Nelson) was arrested and later charged with DWI under Section 66–8–102. Nelson entered a contingent plea agreement in which he agreed to plead guilty to fourth-degree felony DWI under Section 66–8–102(G) if at sentencing the State was able to prove three or more prior DWI convictions. Alternatively, Nelson agreed to plead guilty to misdemeanor DWI under Section 66–8–102(F) if the State had proof of fewer than three prior DWI convictions. The court accepted Nelson's plea, conditioning the degree of the offense upon the number of prior DWI convictions the State could prove.

3. At the sentencing hearing the State presented evidence of two valid, prior New Mexico DWI convictions and introduced a certified copy of a judgment evincing a 1987 DWI conviction in the Superior Court of Navajo County, Arizona. In Arizona in 1987, it was unlawful to drive with a blood-alcohol concentration of .10% or greater. See Ariz. Rev.Stat.Ann. § 28–692 (1988). Driving with that level of blood-alcohol concentration would have also violated the New Mexico DWI statute in effect in 1987. See NMSA 1978, § 66–8–102 (Repl.Pamp.1987). The State argued that any valid, provable prior DWI conviction from anywhere in the United States should qualify as a prior conviction for the purposes of the current Sections 66–8–102(F) and (G) and, thus, Nelson had three prior convictions. Nelson admitted that the two prior New Mexico convictions could be used to enhance his sentence. He argued, however, that the Arizona DWI conviction could not be used as proof of a prior conviction for enhancement purposes under Section 66–8–102 because that statute limits enhancement to prior convictions obtained "under this section." The court found the Arizona conviction to be valid but refused to accept it for enhancement purposes because it was not a conviction "under" Section 66–8–102. Accordingly, Nelson pleaded guilty to misdemeanor DWI.

## ARGUMENT

4. The State first asserts that a proper construction of the MVC allows the use of valid out-of-state convictions to enhance subsequent convictions under Section 66–8–102, including subsection (G). Section 66–8–102(G) provides:

Upon a fourth or subsequent conviction *under this section*, an offender is guilty of a fourth degree felony, as provided in Section 31–18–15 NMSA 1978, and shall be sentenced to a jail term of not less than six months which shall not be suspended or deferred or taken under advisement. (Emphasis added.)

The State concedes that if Section 66–8–102(G) is viewed in isolation, the plain meaning of the statute supports the district court's ruling that out-of-state convictions are not prior convictions under that section. However, the State urges us to expand the ap-

proach to statutory construction used in *State v. Russell,* 113 N.M. 121, 123–26, 823 P.2d 921, 923–26 (Ct.App.1991), and interpret the phrase "under this section" in the context of the MVC as a whole.

5. Here, the State contends that the phrase "under this section," necessarily includes the entire MVC. The State then urges us to apply the MVC definition of "subsequent offender" found in Section 66–1–4.16(Q) to the enhancement provisions of Section 66–8–102(F) and (G). Relying on *Russell* and *State v. Hall,* 119 N.M. 707, 709, 895 P.2d 229, 231 (Ct.App.), *cert. denied,* 119 N.M. 354, 890 P.2d 807 (1995), the State contends that the definition of "subsequent offender" is evidence of the legislature's intent to encompass prior DWI convictions under out-of-state statutes within the enhancement provisions of Section 66–8–102. Nelson, on the other hand, asks us to narrowly construe Section 66–8–102 and apply its enhancement provisions only to New Mexico convictions.

**DISCUSSION**

■ 6. The fundamental purpose of statutory construction is to ascertain and effectuate legislative intent. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). Pursuant to familiar canons of statutory construction, we first examine the plain meaning of the language used. *See State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994), ("[W]ords of a statute, including terms not statutorily defined, should be given their ordinary meaning absent clear and express legislative intention to the contrary."), *cert. denied,* —— U.S. ——, 115 S.Ct. 336, 130 L.Ed.2d 294 (1994). "[I]f the meaning of a statute is truly clear—not vague, uncertain, ambiguous, or otherwise doubtful—it is ... [our] responsibility ... to apply the statute as written and not to second-guess the legislature's selection from among competing policies or ... legislative objective[s]." *State ex rel. Helman v. Gallegos,* 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994).

■ 7. New Mexico courts have long adopted and applied a rule of strict interpretation of penal statutes. Statutes defining criminal conduct are strictly construed and any doubts regarding construction of criminal statutes are resolved in favor of lenity. *Ogden,* 118 N.M. at 242, 880 P.2d at 853. The rule of lenity also applies to criminal statutes providing for additional or enhanced penalties for criminal conduct because they are highly penal. "[I]f it is not clear that the legislature intended an enhanced sentence, no enhancement will be applied." *Id.* However, a statute must be read with common sense, even in light of the rule of lenity. *State v. Hill,* 117 N.M. 807, 808–09, 877 P.2d 1110, 1111–12 (Ct.App.), *cert. denied,* 118 N.M. 90, 879 P.2d 91 (1994). The language of penal statutes should be given a reasonable construction consonant with legislative objectives and "statutes in pari material [sic] should be read together to ascertain legislative intent." *Ogden,* 118 N.M. at 243, 880 P.2d at 854. It is with these principles in mind that we examine Section 66–8–102.

8. The phrase "under this section"—or its functional equivalent "of this section"—has been present in the laws prohibiting driving while under the influence since at least 1953. *See, e.g.,* 1953 N.M.Laws, ch. 139, § 54 ("of this section"); 1969 N.M.Laws, ch. 210, § 2 ("under this section"). In the most recent amendments, the term "under this section" appears in Section 66–8–102 nine times.[1] However, the phrase "under this section" is not defined within Section 66–8–102 or elsewhere in the MVC. This Court has examined the phrase on two previous occasions. *See Hall,* 119 N.M. at 708–09, 895 P.2d at 230–31; *Russell,* 113 N.M. at 123–26, 823 P.2d at 923–26.

9. In *Russell,* the defendant had three prior DWI municipal court convictions under a municipal ordinance and a fourth conviction in district court under Section 66–8–102. *Id.* at 122, 823 P.2d at 922. Examining Section 66–8–102 as it was written before the substantial 1993 amendments, we decided that the legislature intended that prior convictions under municipal ordinances were to be

---

1. *See* § 66–8–102(E) (three times); § 66–8–102(F) (once); § 66–8–102(G) (once); § 66–8–102(H) (once); § 66–8–102(I) (once); § 66–8–102(J) (once); § 66–8–102(K) (once).

treated as prior convictions under Section 66–8–102 for the purpose of distinguishing between a first offender and a subsequent offender. *Id.* We derived support for our holding from the text of the statute, from the legislature's expansion of magistrate court jurisdiction, and from the legislature's apparent intent to distinguish between first and subsequent offenders as indicated by the definitions provided in Sections 66–1–4.6(C) and 66–1–4.16(Q) of the MVC. *See id.* at 124–25, 823 P.2d at 924–25. Significantly, however, we determined that the legislature did not intend to expand the criminal application of municipal ordinance convictions beyond distinguishing between first and subsequent offenders. *Id.* at 125–26, 823 P.2d at 925–26.

10. The State concedes that the precise legal issue presented here is different from the legal issue presented in *Russell.* Indeed, apparently in response to *Russell,* the subsection at issue in *Russell* was amended so that a DWI conviction under a municipal or county ordinance is now also deemed a conviction under Section 66–8–102 for purposes of determining whether a conviction is a second or subsequent conviction. *See* § 66–8–102(J).

11. The MVC defines "subsequent offender" in Section 66–1–4.16(Q) as:

> a person who was previously a first offender and who again, *under state law, federal law or municipal ordinance,* has been adjudicated guilty of the charge of driving a motor vehicle while under the influence of intoxicating liquor or any drug which rendered him incapable of safely driving a motor vehicle, regardless of whether the person's sentence was suspended or deferred. (Emphasis added.)

The State argues that if the legislature's definition of "subsequent offender" supports a legislative intent to count municipal convictions as prior convictions, as held in *Russell,* then it also demonstrates an intent to count out-of-state convictions for the same purpose. We disagree. In *Russell* we refused to recognize municipal convictions as prior convictions for purposes of enhancement as third or fourth convictions. *See Russell,* 113 N.M. at 126, 823 P.2d at 926. Applying that distinction, we are not certain the legislature intended that convictions under statutes in other states "be treated as an offense under Section 66–8–102 for purposes of the most recent amendment, which impose[s] a mandatory jail sentence not to be suspended, deferred, or taken under advisement for a fourth or subsequent conviction." *See id.*

12. The State cites *Hall* as support for legislative intent to apply an expansive interpretation to the phrase "under this section." *Hall* rejected a defendant's argument to limit the enhancement provisions of Section 66–8–102 to convictions under the newly revised statute at issue here. *Hall,* 119 N.M. at 709, 895 P.2d at 231. This Court read Section 66–8–102 as a whole and reasoned that:

> [i]f previous convictions under DWI municipal ordinances can be used for enhancement purposes, then it clearly follows that previous convictions under the state DWI statute can be used under the new DWI statute for enhancement purposes. *Accordingly, we hold that the term "under this section" means under Section 66–8–102.*

*Id.* at 709, 895 P.2d at 231 (emphasis added). Holding that convictions for the same offense under the statutory predecessor of Section 66–8–102 fit the definition of "prior convictions under this section" is a very different matter from applying an additional definition to a longstanding statutory phrase. We perceive nothing in the reasoning of *Hall* that persuasively requires the definitional expansion the State urges. Nor is there anything in *Hall* that counsels us to include the whole of the MVC to arrive at a reasonable conclusion as to the import of the term "under this section."

13. Pursuant to the MVC, every New Mexico trial judge is required to prepare and forward to the Motor Vehicle Department (MVD) abstracts of convictions that indicate whether a defendant is a first or subsequent offender. *See* § 66–8–135(B)(7). The MVD must then file these abstracts of convictions, showing:

> either that a driver is a first offender or a subsequent offender . . . with attention to Article III of the Driver License Compact . . . and in connection therewith maintain convenient records . . . in order that the

individual record of each licensee showing the convictions of the licensee in which he has been involved shall be readily ascertainable and available for the consideration of the division upon any application for renewal of license and at other suitable times.

Section 66–5–23(B). The MVD is required to "immediately revoke" the license of a driver convicted of certain specified offenses, including "any offense rendering a person a 'subsequent offender' as defined in the [MVC]." Section 66–5–29(A)(3). These mandatory provisions apply "whether the offense is under any state law or local ordinance." *See* § 66–5–29(A). The MVD cannot issue a limited license to a person whose license was revoked due to "an offense for which the person is a subsequent offender as defined in the [MVC]." *See* § 66–5–35(A)(2).

14. The State argues that these sections provide the backdrop against which the legislature enacted the 1993 amendments to Section 66–8–102(G) and (I) referring to a "fourth or subsequent conviction under this section" and a "first, second or third offense under this section." We are not persuaded, however, that use of the term "subsequent offender" in Sections 66–8–135, 66–5–29, and 66–5–35 indicates a legislative intent that the criminal enhancement provisions of Section 66–8–102 should include out-of-state convictions. In fact, the reference to "subsequent offender" in these sections is limited to license revocation proceedings. The term "subsequent offender" is not found within the text of Section 66–8–102, and the dicta in *Hall*, 119 N.M. at 709, 895 P.2d at 231, that "[t]he term 'subsequent offender' was added to the new DWI statute" appears to be a misreading of Judge Chavez's dissent in *Russell*. *See Russell*, 113 N.M. at 128, 823 P.2d at 928 (Chavez, J., dissenting). It would have been a simple matter for the legislature to change the language in Section 66–8–102(G) from "under this section" to "under any state law, federal law, or municipal ordinance" when it amended the statutes in response to *Russell*, but it did not. Consequently, the plain meaning of "under this section," considering the rule of lenity, takes us no further than Section 66–8–102. *See Hall*, 119 N.M. at 709, 895 P.2d at 231; *Russell*, 113 N.M. at 126, 823 P.2d at 926.

15. The State next argues that limiting the enhancement provisions of Section 66–8–102 to in-state DWI convictions would require trial courts to take notice of out-of-state convictions when preparing abstracts of DWI convictions for purposes of license revocations under Section 66–8–135(B)(7), but to ignore them when imposing penal sentences for those same convictions. The State asserts that no conceivable policy would justify requiring the MVD to consider out-of-state convictions in administrative proceedings but prohibiting a court from considering them in criminal enhancement proceedings. This Court has recognized, however, that civil driver's license revocation hearings involving DWI charges or convictions are separate and independent of DWI criminal prosecutions. *See State ex. rel Schwartz v. Kennedy*, 120 N.M. 619, 904 P.2d 1044 (1995); *Marez v. State, Taxation & Revenue Dep't*, 119 N.M. 598, 600, 893 P.2d 494, 496 (Ct.App.1995) ("[T]he civil revocation hearing contemplated by the Implied Consent Act and the criminal DWI prosecution are independent of each other and, as a result, one does not necessarily affect the outcome of the other."). It is not illogical to require more for serious criminal enhancement penalties than for driver's license revocation.

16. The State's foreign authority is distinguishable. *State v. Peterson*, 347 N.W.2d 398 (Iowa 1984), involved a civil, rather than criminal, proceeding in which the penalty for being found a "habitual offender" under the Iowa code was a judgment of the district court revoking driving privileges, not additional jail time. *See id.* at 400. In such a proceeding, in-state and out-of-state DWI convictions are treated equally under the habitual offender code. *Id.* at 401.

17. Relying on *State v. Regan*, 209 N.J.Super. 596, 508 A.2d 1149 (App.Div. 1986), the State argues that the Interstate Driver License Compact, codified in New Mexico at Section 66–5–49, controls the resolution of this issue. *Regan* cited the Compact as the basis for interpreting the words "of this section" to include DWI convictions from other states in criminal enhancement proceedings. *See id.* 508 A.2d at 1152–53. We disagree with the reasoning of *Regan*. The Compact provides for reciprocal administrative enforcement of the traffic laws of

each party state. Section 66–5–49, art. I, § B. The Compact regulates licensing and revocation but does not address criminal penalties such as jail time and does not regulate state substantive criminal law. Given the difference in New Mexico between administrative and criminal consequences, especially our mandatory sentencing and habitual offender provisions, it is reasonable to limit application of the provisions of the Compact to administrative proceedings. We find the better authority to be *State ex rel. Motor Vehicle Division v. Holtz*, 674 P.2d 732, 742 (Wyo.1983), which held that the language "under this section" in a similar statute is plain and unambiguous and does not include convictions from other states.

## CONCLUSION

18. Applying the plain meaning of the language in light of the rule of lenity, "under this section" does not include within its purview out-of-state convictions. Therefore, only those valid prior DWI convictions obtained in New Mexico courts may be considered for purposes of criminal enhancement penalties. We affirm the district court.

**IT IS SO ORDERED.**

APODACA, C.J., and BOSSON, J., concur.