2008-NMSC-003

176 P.3d 1089

Christine VALLEJOS, Warden, Plaintiff–Appellant,

v.

Robert C. MARQUEZ, Defendant–Appellee.

No. 30,242.

Supreme Court of New Mexico.

Dec. 20, 2007.

Gary K. King, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Appellant.

Romero & Associates, P.A., Joe M. Romero, Jr., Albuquerque, NM, for Appellee.

## OPINION

CHÁVEZ, Chief Justice.

{1} This case is before us on an original petition for writ of habeas corpus. The sole question we must address is how the Earned Meritorious Deductions Act (EMDA), NMSA 1978, Sections 33–2–34 to–37 (1999), should be applied when a sentence has been enhanced under the Habitual Offender Act, NMSA 1978, Sections 31–18–17 to–20 (2002). We conclude that the enhanced sentence replaces the original, basic sentence, making it impossible to apportion the resulting sentence between basic and enhanced portions. As a result, the meritorious deduction rate for the underlying felony applies to the entire sentence.

## BACKGROUND

{2} Defendant Robert Marquez entered a plea of no contest to two counts of aggravated battery with a deadly weapon, contrary to NMSA 1978, Section 30–3–5(C) (1969). Defendant also admitted to two prior felony convictions. Defendant was sentenced to three years for each count, enhanced by four years for his prior convictions. The sentences were to run concurrently, with two years suspended. The district court apportioned Defendant's sentence between a basic portion and an enhanced portion, and treated the enhanced portion as a nonviolent offense under Section 33–2–34(A)(2) (1999, prior to amendments in 2003, 2004, and 2006),[1] giving Defendant up to thirty days of meritorious deductions per month. The State argues that Defendant's sentence should be treated as a single sentence for a serious violent offense, entitling him to at most four days of

---

1. The EMDA has been amended three times since Defendant was sentenced on November 15, 2002. However, the current version is substantively identical to the version in effect at the time Defendant was sentenced.

meritorious deductions per month under Section 33–2–34(A)(1).

## DISCUSSION

■ {3} The Habitual Offender Act is a procedural device for determining the sentence for the crime with which the defendant has been convicted in the present case. *State v. James,* 94 N.M. 604, 605, 614 P.2d 16, 17 (1980) (citing *State v. Valenzuela,* 94 N.M. 340, 610 P.2d 744 (1980)); *State v. Johnson,* 105 N.M. 63, 71, 728 P.2d 473, 482 (Ct.App.1986) (citing *James* ). We have previously held that "the Habitual Criminal Act creates no new offense but merely provides a proceeding by which to determine the penalty to be imposed on one previously convicted ... of a felony[.]" *Lott v. Cox,* 76 N.M. 76, 77, 412 P.2d 249, 250 (1966) (decided under previous law); *see also Parke v. Raley,* 506 U.S. 20, 27, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) ("[A] charge under a recidivism statute does not state a separate offense, but goes to punishment only."). The Habitual Offender Act supplants the basic sentence because once the defendant is found to be an habitual offender, the basic sentence is no longer authorized and the only sentence allowed is the sentence for an habitual offender. *State v. Diaz,* 2007–NMCA–026, ¶ 13, 141 N.M. 223, 153 P.3d 57 (quoting *State v. Harris,* 101 N.M. 12, 15, 677 P.2d 625, 628 (Ct.App.1984)). If the original sentence is no longer authorized, and there is only the habitual offender sentence, then it is impossible to apportion the sentence as Defendant argues.

{4} Had the legislature intended that sentences enhanced under the Habitual Offender Act be apportioned, it could have done so explicitly. The legislature did make such a distinction for parole violations. If parole is revoked for commission of a new felony, then meritorious deductions may be earned at a maximum rate of four days per month during the parole term, even if the original felony was nonviolent. Section 33–2–34(A)(3). If the revocation is for another reason, meritorious deductions are earned at different rates depending on the nature of the original offense-up to thirty days per month if the revocation involved a nonviolent offense and up to eight days per month if it involved a violent offense. Section 33–2–34(A)(4)(a)–(b).

■ {5} Public policy also favors this interpretation of the statute. The purpose of the Habitual Offender Act is to deter repeated crimes by increasing the penalty for the current crime, not by imposing an additional punishment for the previous crime. *State v. Hall,* 119 N.M. 707, 709, 895 P.2d 229, 231 (Ct.App.1995) (citing dicta in *State v. Oglesby,* 96 N.M. 352, 353, 630 P.2d 304, 305 (Ct.App.1981)). This reasoning is in line with cases from the U.S. Supreme Court and other jurisdictions. For example, the Fifth Circuit Court of Appeals noted that

Statutes imposing aggravated penalties upon persons who have been previously convicted of crime have long been recognized in this country and in England, and it has been held that by such statutes habitual criminals are not punished for their earlier offense, "but the repetition of criminal conduct ... justifies heavier penalties when they are again convicted."

*Beland v. United States,* 128 F.2d 795, 797 (5th Cir.1942) (quoting *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917 (1912)); *see also Almendarez–Torres v. United States,* 523 U.S. 224, 243–44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (citing *Graham,* 224 U.S. at 624, 32 S.Ct. 583; *Parke,* 506 U.S. at 27, 113 S.Ct. 517).

## CONCLUSION

{6} The Habitual Offender Act replaces a defendant's original sentence with a single enhanced sentence that cannot be apportioned. Thus, the meritorious deduction rate for the underlying felony applies to the entire sentence. We remand this case to the district court so that it may reinstate Defendant's original sentence and allow a maximum of four days per month of meritorious deductions.

{7} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, PETRA JIMENEZ MAES, RICHARD C. BOSSON, and CHARLES W. DANIELS, Justices.