This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

v.                                   **NO. 30,693**

**FRANCISCO CASTILLO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

    Defendant appeals his conviction for second degree murder claiming the State failed to prove lack of provocation. [DS 5-6; MIO 6-11] We proposed to affirm in

a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition and a motion to amend the docketing statement. Having considered the arguments raised by Defendant in his memorandum and motion and remaining unpersuaded, we affirm his conviction and deny his motion to amend the docketing statement.

In our notice of proposed summary disposition, we observed that when undertaking a review for sufficiency of the evidence, we review the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction and disregarding all evidence and inferences to the contrary. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We do not weigh the evidence or substitute our judgment for that of the fact finder so long as there is sufficient evidence to support the verdict. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. We noted that the jury was properly instructed that, in order to convict Defendant of second degree murder, it had to find, beyond a reasonable doubt, that: (1) Defendant killed Douglas Robbins; (2) Defendant knew that his acts created a strong probability of death or great bodily harm to Douglas Robbins; (3) Defendant did not act as a result of sufficient provocation; (4) Defendant did not act in self-defense; and (5) this happened in New Mexico on or about February

14, 2009. [RP 184] *See* UJI 14-210 NMRA. The jury was also instructed on the essential elements of the lesser included offense of voluntary manslaughter and they were specifically instructed that the difference between second degree murder and voluntary manslaughter is whether there was sufficient provocation. [RP 185] We then reviewed the evidence introduced at trial as set forth in the docketing statement and proposed to hold that based upon that evidence, the jury could conclude that Defendant was not sufficiently provoked at the time he killed Robbins. [DS 4-5; MIO 4-5]

In his memorandum in opposition, Defendant does not dispute our recitation of the evidence introduced at trial in support of the conviction. [MIO 2-12] Furthermore, despite our instruction in the notice of proposed summary disposition, Defendant has again failed to inform us of the evidence and arguments that may have been introduced to support the State's theory that Defendant committed the crime of second degree murder. *See Rojo*, 1999-NMSC-001, ¶ 19 (noting that we may disregard the evidence in favor of acquittal when considering sufficiency). For example, in our notice of proposed summary disposition, we hypothesized that the number of stab wounds and the fact that the stabbings apparently occurred in different rooms over some amount of time may have allowed the jury to conclude that

Defendant had adequate time to "cool off" before continuing to stab Robbins. *Cf. State v. Garcia*, 95 N.M. 260, 262, 620 P.2d 1285, 1287 (1980) (stating that in order to reduce a murder charge to manslaughter, "there must be proof of adequate provocation at the time of commission of the crime [and] the provocation must be continuing and to such an extent that an ordinary person would not have cooled off before acting" (internal quotation marks and citation omitted)). We also noted that we were unaware of whether there was other testimony or evidence introduced by the State that may have served to weaken the evidence offered by Defendant in support of provocation.

In his memorandum in opposition, Defendant fails to inform us of the State's theory or whether any other evidence was introduced to negate Defendant's theory of provocation. Instead, Defendant merely states that the evidence concerning provocation was "largely uncontested" or "virtually unchallenged." [MIO 1, 9, 12]

Therefore, for the reasons set forth in our notice of proposed summary disposition, we are of the opinion that there was sufficient evidence to support Defendant's conviction for second degree murder and to prove, beyond a reasonable doubt that Defendant did not act as a result of sufficient provocation. *See State v. Caudillo*, 2003-NMCA-042, ¶ 7, 133 N.M. 468, 64 P.3d 495 (holding that, on appeal,

4

the question is whether substantial evidence supports the verdict, not whether substantial evidence would have also supported acquittal); *State v. Glasgow*, 2000-NMCA-076, ¶¶ 26, 28, 129 N.M. 480, 10 P.3d 159 (recognizing that although "there was conflicting evidence that might support a finding of provocation . . . our standard of review demands that we view the evidence in the light most favorable to the verdict").

**Motion to Amend the Docketing Statement**

Defendant seeks to amend his docketing statement to contend that the district court erred in refusing to strike a juror for cause. [MIO 1-2, 12-14] Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." In cases assigned to the summary calendar, this Court will deny a motion to amend the docketing statement if it raises issues that are not viable, even if the issues allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

We review the district court's ruling on a issue concerning jury selection for an abuse of discretion "because the [district] court is in the best position to assess a juror's state of mind, based upon the juror's demeanor and credibility." *State v.*

5

*Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523 (quoting *State v. Allen*, 2000-NMSC-002, ¶ 83, 128 N.M. 482, 994 P.2d 728). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Rojo*, 1999-NMSC-001, ¶ 41. "The challenging party bears the burden of proving juror bias." *Johnson*, 2010-NMSC-016, ¶ 31.

Defendant claims that a juror should have been excused because she was Defendant's neighbor and remembered police cars in her neighborhood the morning after the incident and remembered seeing crime scene tape on the house. [MIO 1, 13] Defendant had used all of his peremptory strikes and claims that the juror should have been struck for cause because she was potentially affected by the aftermath of the incident. [MIO 1, 13] *See Fuson v. State*, 105 N.M. 632, 634, 735 P.2d 1138, 1140 (1987) (stating that when a district court abuses its discretion by failing to excuse a juror who could not be impartial, prejudice will be presumed if the defendant has used all of his peremptory challenges on potential jurors who could have been excused for cause). We disagree.

We are not convinced that merely because the juror remembered seeing police cars in the neighborhood after the incident, she was potentially affected in such a way so as to render her incapable of being impartial. [MIO 13] There is nothing to

6

suggest that the juror knew Robbins or Defendant. *Cf. Mares v. State*, 83 N.M. 225, 226, 490 P.2d 667, 668 (1971) (observing that a juror's mere acquaintance with a witness is insufficient to establish partiality while noting that an actual relationship is sufficient for juror partiality). Furthermore, Defendant admitted to killing the victim, and thus we fail to see why a juror would be improperly prejudiced merely because she saw officers on the scene and crime scene tape. [MIO 2] Finally, we note that when questioned, the witness stated that she could be impartial. [MIO 13] *Cf. Johnson*, 2010-NMSC-016, ¶ 32 (holding that the district court did not abuse its discretion in refusing to excuse two jurors for cause when the jurors "indicated the trial would cause them to think about the murders of their loved ones, [but] also indicated that they would be able to be fair and follow the instructions of the judge").

Based upon the foregoing, we are not convinced that the district court abused its discretion in refusing to excuse the juror for cause. *See id.* Therefore, we deny Defendant's motion to amend his docketing statement to include this issue. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based upon a finding that the motion and the argument offered in support thereof were not viable); *Moore*, 109 N.M. at 129, 782 P.2d at 101 (holding that a motion to amend will only be granted if the issue raised is

viable).

**CONCLUSION**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we deny Defendant's motion to amend the docketing statement and affirm his conviction for second degree murder.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**