**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2021-NMSC-001**

**Filing Date: November 16, 2020**

**No. S-1-SC-37301**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**JAMES EDWARD BARELA,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**James Waylon Counts, District Judge**

Released for Publication January 26, 2021.

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Charles J. Gutierrez, Assistant Attorney General
Santa Fe, NM

for Respondent

**OPINION**

**BACON, Justice.**

**{1}** This case asks us to decide whether a sentence can be enhanced under the Habitual Offender Act,[1] NMSA 1978, Section 31-18-17 (2003) ("Habitual offenders; alteration of basic sentence"), when a defendant is convicted of felony battery against a

---

[1]Although *New Mexico Statutes Annotated 1978* does not specify a legislative act, New Mexico case law has referred to NMSA 1978, §§ 31-18-17 to -20 (1977, as amended through 2003) as "the Habitual Offender Act." *See, e.g.*, *Vallejos v. Marquez*, 2008-NMSC-003, ¶ 1, 143 N.M. 357, 176 P.3d 1089. This opinion uses "Habitual Offender Act" to refer to NMSA 1978, Section 31-18-17 (2003).

household member, contrary to NMSA 1978, Section 30-3-17(A) (2008).  Concluding that the Habitual Offender Act can be applied when a defendant is convicted of felony battery against a household member, we affirm Defendant James Barela's sentence.  This conclusion is premised on two factors.  First, the plain language of Sections 30-3-17(A) and 31-18-17 is unambiguous and does not preclude both statutes from operating simultaneously.  Second, because felony battery against a household member and felony driving while intoxicated (DWI) are distinguishable, we decline to apply the reasoning of *State v. Anaya*, 1997-NMSC-010, 123 N.M. 14, 933 P.2d 223.

## I.     BACKGROUND

**{2}**     Defendant was convicted of felony battery against a household member after battering the mother of his child and other crimes.  Prior to trial, Defendant pleaded guilty to battery against a household member and proceeded to sentencing.  As this was Defendant's third conviction of battery against a household member, the district court enhanced his conviction to a fourth-degree felony under Section 30-3-17(A).  Section 30-3-17(A) states, in pertinent part, that "[w]hoever commits three offenses of battery against a household member . . . when the household member is . . . a co-parent of a child . . . is guilty of a fourth-degree felony."  Additionally, as Defendant had previously been convicted of a separate felony, the district court enhanced his sentence by one year under the Habitual Offender Act.  The Habitual Offender Act generally provides that upon conviction of a noncapital felony, a defendant's sentence shall be increased by one year when that defendant has one prior felony conviction.  Section 31-18-17(A).  Defendant appealed his sentence to the Court of Appeals, arguing that because felony battery against a household member is a felony only by virtue of multiple convictions—in other words, a self-enhancing felony—it is not subject to further enhancement under the Habitual Offender Act.  *State v. Barela*, 2019-NMCA-005, ¶ 1, 458 P.3d 501, *cert. granted* (S-1-SC-37301, Nov. 5, 2018).  His appeal was premised on this Court's reasoning in *Anaya*, 1997-NMSC-010.  In *Anaya*, we held that defendants convicted of felony DWI under NMSA 1978, Section 66-8-102(G) (1993, amended 2016), also a self-enhancing felony, are not subject to the Habitual Offender Act.  *Anaya*, 1997-NMSC-010, ¶ 33.

**{3}**     Recognizing this holding in *Anaya*, the Court of Appeals, in a divided opinion, distinguished felony battery against a household member from felony DWI and held that the enhanced conviction of felony battery against a household member under Section 30-3-17(A) could serve as an underlying felony under the Habitual Offender Act.  *Barela*, 2019-NMCA-005, ¶¶ 9-11.  In response, Defendant petitioned this Court for certiorari, which we granted pursuant to Rule 12-502 NMRA.

**{4}**     Agreeing with the result, but not necessarily the reasoning, we affirm the Court of Appeals and hold that felony battery against a household member can serve as an underlying felony for purposes of applying the Habitual Offender Act.  This conclusion is premised on (1) the plain language of the statutes at issue and (2) our rejection of Defendant's argument that *Anaya*'s holding precludes application of the Habitual Offender Act when one of the underlying convictions is felony battery against a household member.

## II.  DISCUSSION

### A.  The Plain Language of Sections 30-3-17(A) and 31-18-17 Does Not Preclude Their Simultaneous Application

#### 1.  Standard of review

**{5}** This case presents an issue of statutory construction, which we review de novo. *See State v. Tafoya*, 2010-NMSC-019, ¶ 9, 148 N.M. 391, 237 P.3d 693 ("When an appeal presents an issue of statutory construction, our review is de novo."). Through such construction, our duty is to facilitate the intent and purpose of the Legislature. *State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022.

**{6}** We first look to the language contained within the text of the statute. *Id.* ¶ 9. Consistent with the plain meaning rule, when a statute's language is clear and unambiguous, we "give effect to that language and refrain from further statutory interpretation." *State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (internal quotation marks and citation omitted). We do, however, hesitate to apply the literal interpretation of a statute if such application would lead to results that are "absurd, unreasonable, or otherwise inappropriate." *Id.* ¶ 13. "In considering the statute's function in relation to related statutes passed by the Legislature, whenever possible . . . we must read different legislative enactments as harmonious instead of as contradicting one another." *Id.* (omission in original) (brackets omitted) (internal quotation marks and citation omitted).

#### 2.  Sections 30-3-17(A) and 31-18-17 are unambiguous and can apply simultaneously

**{7}** "Battery against a household member," NMSA 1978, § 30-3-15 (2008), is a misdemeanor. Section 30-3-17(A) elevates a third offense of battery against a household member to a fourth-degree felony. Section 30-3-17(A) states, in pertinent part, that "[w]hoever commits three offenses of battery against a household member . . . when the household member is a spouse, a former spouse, a co-parent of a child or a person with whom the offender has had a continuing personal relationship is guilty of a fourth-degree felony." Further, any defendant convicted of four or more offenses of battery against such a household member is guilty of a third-degree felony. Section 30-3-17(B). The statute is silent on sentencing and instead simply classifies multiple convictions as two escalated classes of felonies.

**{8}** The Habitual Offender Act states, in pertinent part, that

> [a] person convicted of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not who has incurred one prior felony conviction that was part of a separate transaction or occurrence is a habitual offender and his basic sentence shall be increased by one year.

Section 31-18-17(A). The statute clarifies that a "prior felony conviction" is "a conviction . . . for a prior felony committed within New Mexico whether within the Criminal Code or not, *but not including a conviction for a felony pursuant to the provisions of Section 66-8-102* [felony DWI]." Section 31-18-17(D)(1) (emphasis added). Therefore, at sentencing for a felony conviction, the Habitual Offender Act "shall be" applied to a defendant with a prior felony conviction as long as that conviction is not a felony DWI. *See* § 31-18-17(A), (D)(1).

**{9}** Defendant argues that the Legislature's silence as to the Habitual Offender Act's applicability to felony battery against a household member is conclusive that the Legislature did not intend for the Habitual Offender Act to apply. Because the Legislature enacted the felony battery against a household member statute in 2008, more than ten years after *Anaya* was decided, Defendant claims that the Legislature's silence must have been intentional. In support of this argument, Defendant cites *Aguilera v. Bd. of Educ. of Hatch Valley Schs.*, 2006-NMSC-015, ¶ 24, 139 N.M. 330, 132 P.3d 587, for the proposition that this Court presumes the Legislature is aware of existing law of the appellate courts. Presuming the Legislature was aware of *Anaya*'s holding when it enacted the felony battery against a household member statute, Defendant asserts that the Legislature would have explicitly stated its intention for the Habitual Offender Act to apply.

**{10}** The State responds that the Court of Appeals correctly concluded that the plain language reading of both statutes at issue unambiguously resolves the question of whether the Habitual Offender Act applies to felony battery against a household member. This resolution, the State asserts, supports application of the Habitual Offender Act to felony battery against a household member.

**{11}** The Court of Appeals concluded that "[b]ased on the language in these statutes," the district court did not err in enhancing Defendant's sentence. *Barela*, 2019-NMCA-005, ¶ 5. We agree with the Court of Appeals and the State, and we conclude that the plain language of the statutes does not prohibit Defendant's sentence enhancement.

**{12}** We determine, construing the statutes harmoniously, that no conflict exists when applying both statutes simultaneously. The justification for this conclusion is twofold. First, the felony battery against a household member statute includes no indication that the Legislature intended sentencing for felony battery against a household member to be different from any other felony. If the Legislature intended for convictions of felony battery against a household member to be treated as misdemeanors at sentencing, the Legislature would have so specified, in which case enhancing a third conviction of battery against a household member to a felony would carry less weight than a felony conviction ordinarily carries. Presumably, the intent of the Legislature was to deter defendants who continue to commit this same crime by subjecting them to harsher penalties. *See State v. Yparrea*, 1992-NMCA-128, ¶¶ 9-10, 114 N.M. 805, 845 P.2d 1259 (recognizing that an increased penalty imposed on a habitual offender under Section 31-18-17 serves the purpose of deterring repetitive criminal conduct). Application of the Habitual Offender Act incorporates that objective.

**{13}** Second, the Habitual Offender Act, in its definition of "prior felony conviction," explicitly excludes felony DWI but does not exclude felony battery against a household member. *See* § 31-18-17(D)(1). Within the Habitual Offender Act is a clear statement that it "shall" apply to defendants convicted of a felony who have a prior felony conviction, except when the prior felony conviction is felony DWI. *See* § 31-18-17(A), (D)(1). Presuming the Legislature is aware of existing law, *see In re Petition of PNM Gas Servs.*, 2000-NMSC-012, ¶ 73, 129 N.M. 1, 1 P.3d 383 (noting our presumption that the Legislature is aware of existing law when it enacts a statute), it ostensibly would have likewise excluded felony battery against a household member from the Habitual Offender Act if it did not intend for these statutes to apply simultaneously.

**{14}** Although Defendant asks us to apply the rule of lenity, we construe no ambiguity in the statutes at issue, and therefore the rule of lenity does not apply. *See State v. Hall*, 2013-NMSC-001, ¶ 19, 294 P.3d 1235 (noting that the rule of lenity applies when the text of a statute is determined to be ambiguous and, after interpretation, reasonable doubt persists as to the statute's applicability).

**B.** ***Anaya*'s Narrow Holding Applies Specifically to Nonviolent DWI Convictions and Does Not Prohibit the Habitual Offender Act from Applying to a Conviction of Felony Battery Against a Household Member**

**1.** **Battery against a household member is distinguishable from felony DWI**

**{15}** In *Anaya*, we held that defendants convicted of felony DWI under Section 66-8-102(G) (1993, effective Jan. 1, 1994), "a self-enhancing provision," are not subject to the Habitual Offender Act. *Anaya*, 1997-NMSC-010, ¶ 33. Both the habitual offender and felony DWI statutes, the *Anaya* Court recognized, are silent as to the application of the Habitual Offender Act when one of the felony convictions is felony DWI. *Id.* ¶ 31. As well, the *Anaya* Court recognized that ambiguity created by the aforementioned silence was further compounded by the fact that (1) felony DWI is a nonviolent offense, and (2) Section 66-8-102(G) (1993) contained the term "jail" rather than "prison." *Anaya*, 1997-NMSC-010, ¶¶ 29, 33, 34.[2]

**{16}** Concluding that both the habitual offender and felony DWI statutes are ambiguous as to whether they can apply simultaneously, we applied the rule of lenity. *Id.* ¶ 32. In applying the rule of lenity, we held that any ambiguity should be resolved in favor of the defendant and concluded that the Habitual Offender Act did not apply to felony DWI. *Id.* ¶¶ 32-33. Because the felony DWI statute self-enhances the penalty applied upon each subsequent DWI conviction, we determined that it is classified as a felony for sentencing purposes only and not intended for enhancement under the Habitual Offender Act. *Id.* ¶ 33.

---

2We note that "jail term" persisted in Section 66-8-102(G) for ten years (six years after *Anaya*) through multiple statutory revisions until NMSA 1978, Section 66-8-102(G) (2003) (*see* 2003 N.M. Laws. Ch. 90, § 3) when the penalty enhancement increased and "term of imprisonment" replaced "jail term" in this and all subsequent statutory revisions.

**{17}**     Defendant argues that *Anaya*'s holding prevents the application of the Habitual Offender Act to felony battery against a household member because felony battery against a household member, like felony DWI, is a self-enhancing statute.  Because the statute for felony battery against a household member is self-enhancing, Defendant asks that we apply the rationale of *Anaya*, which states that felony battery against a household member is limited to its own "particular enhancement provision."  *See Anaya*, 1997-NMSC-010, ¶ 33.

**{18}**     The State responds that Defendant "misses critical distinctions" between felony battery against a household member and felony DWI that render this Court's holding in *Anaya* inapplicable to the instant case.  We agree.

**{19}**     We conclude that *Anaya* is distinguishable from the current case, and thus, does not preclude application of the Habitual Offender Act to felony battery against a household member.  Two reasons support this conclusion.  First, unlike felony DWI, felony battery against a household member is a violent crime.  *Cf. id.* ¶ 34 (reasoning that the Habitual Offender Act did not apply to a felony DWI conviction because DWI is not a crime "of a violent nature").  In fact, battery against a household member enhances to a felony only when a defendant has repeatedly inflicted violence on the same definitional subset of individuals.  Presumably, the Legislature classified this behavior as a fourth-degree felony to ensure defendants could be punished more severely for continuing to batter those within their households.  *See Yparrea*, 1992-NMCA-128, ¶ 10.

**{20}**     Further, felony DWI is currently subject to its own sentencing scheme.  Under Section 66-8-102(F)-(K), the Legislature has not only classified each successive DWI conviction as an increasing degree of felony but also has specified within each DWI conviction the sentence that shall be imposed.  No such distinction exists within the statute for felony battery against a household member.  Section 30-3-17(A) simply states that whoever is convicted of battery against a household member for a third time is guilty of a fourth-degree felony without specifying sentencing structure.  Accordingly, we presume that the Legislature intended defendants convicted of felony battery against a household member to be subject to the Habitual Offender Act as it applies to other convicted felons.

### 2.     Although we reach the same conclusion as the Court of Appeals, we diverge from its reasoning

**{21}**     The Court of Appeals incorrectly distinguished *Anaya* from the case at bar and rested its conclusion on two factors.  First, the court discussed how DWI has its own sentencing scheme within the Motor Vehicle Code, while felony battery against a household member is codified within the Criminal Code.  *Barela*, 2019-NMCA-005, ¶ 9.  Because the Habitual Offender Act states that it applies to felonies "'whether within the Criminal Code or the Controlled Substances Act or not,'" Section 31-18-17(A), the Court of Appeals interpreted this language as express authorization to apply the Habitual Offender Act to felonies within the Criminal Code, such as felony battery against a household member.  *Barela*, 2019-NMCA-005, ¶ 9.  We disagree with this reasoning.

**{22}** While the explicit statutory sentencing scheme for DWI indicates that the Legislature did not intend the Habitual Offender Act to apply to convictions of felony DWI, codification of felony battery against a household member within the Criminal Code is not, alone, a persuasive indicator that the statute is subject to the Habitual Offender Act. Section 31-18-17(A) applies to "[a] person convicted of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not[.]" As explained by Judge Vargas in her dissent, "[b]y its plain language, however, Section 31-18-17 applies to *any* noncapital felony, regardless of where it is found in our statutes—whether 'within the Criminal Code . . . or not.'" *Barela*, 2019-NMCA-005, ¶ 37 (Vargas, J., dissenting) (omission in original) (emphasis added) (quoting § 31-18-17(A)). We determine that the sentencing structure is persuasive—as opposed to where the crime is located within the statutory structure—because interpretation by location within the statutory structure misrepresents the text of Section 31-18-17(A).

**{23}** Additionally, the Court of Appeals rested its reasoning on the fact that the felony DWI statute mentions "jail" instead of "prison," while the felony battery against a household member statute makes no such distinction. *Barela*, 2019-NMCA-005, ¶ 10. This observation, however, goes unexplained. As discussed in the *Barela* dissent, the *Anaya* Court did mention use of the word "jail" but did not rely heavily on this detail as a decisive factor in the Court's holding. *See Barela*, 2019-NMCA-005, ¶ 38 (Vargas, J., dissenting). We note that all self-enhancing felony provisions of Section 66-8-102(G)-(K) in the current felony DWI statute, unlike the self-enhancing felony provisions of Section 66-8-102(G) (1993) on which *Anaya* relied, use only "imprisonment" and not "jail." *Cf.* footnote 2, paragraph 15, *supra*. For the foregoing reasons, we conclude that the Habitual Offender Act applies to convictions of felony battery against a household member. Accordingly, we affirm the holding of the Court of Appeals but herein amend its reasoning.

## III. CONCLUSION

**{24}** Concluding that the Habitual Offender Act is applicable to a defendant convicted of felony battery against a household member, we affirm the Court of Appeals but diverge from its reasoning. Accordingly, we affirm Defendant's enhanced sentence.

**{25}** **IT IS SO ORDERED.**

**C. SHANNON BACON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**BARBARA J. VIGIL, Justice**

**DAVID K. THOMSON, Justice**