2003-NMCA-042

64 P.3d 495

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Michael A. CAUDILLO, Defendant–Appellant.**

**No. 21,746.**

Court of Appeals of New Mexico.

Nov. 6, 2002.

Patricia A. Madrid, Attorney General, Steven S Suttle, Assistant Attorney General, Albuquerque, NM, for Appellee.

James W. Klipstine, Jr., James W. Klipstine, Jr., L.L.C., Hobbs, NM, for Appellant.

## OPINION

BOSSON, Chief Judge.

{1} Defendant Michael Caudillo appeals from his judgment and sentence for driving while intoxicated (DWI), fourth offense. His appeal presents this Court with another opportunity to discuss the evidence necessary to support a DWI verdict, when there is no direct observation of impaired driving. We also discuss Defendant's request for a mistrial when evidence of prior convictions was injected into the case. We affirm.

## BACKGROUND

{2} State Police Officers Joseph Gutierrez and Ernest Garcia were dispatched to a single-vehicle rollover accident on July 12, 1999, in Lea County on the highway between Hobbs and Lovington. When they arrived, Hobbs Emergency Medical Services (EMS) personnel were already on the scene. The EMS personnel were in the process of extricating the driver from the vehicle. Defendant was identified as the driver of the vehicle. Officer Gutierrez testified that he approached the driver's side of the vehicle and noticed a strong odor of alcohol coming from the vehicle and from Defendant. Officer Gutierrez also testified that while the EMS personnel were working on Defendant, Defendant's answers to their questions were slurred, and his eyes were bloodshot and watery. Because of Defendant's injuries, the officers were not able to perform any field sobriety tests on Defendant.

{3} Defendant was placed in a neck collar and transported on a full body board to the regional hospital where he was interviewed by Officer Garcia. During the interview, Officer Garcia observed that Defendant had a strong odor of alcohol, bloodshot eyes, and slurred speech. Defendant admitted to drinking a few beers, "but not too much." Officer Garcia arrested Defendant for DWI. He read Defendant the New Mexico Implied Consent Act and advised him that he could be tested for blood alcohol level and the consequences if he refused. Defendant refused to be tested.

{4} After Defendant and his passenger were transported to the hospital, Officer Gutierrez performed an inventory of the vehicle. He noticed two beer cans next to the driver's seat, one unopened and the other opened with a quarter of the contents still in the can. He saw four more unopened beer cans, two outside the driver's side of the vehicle and two behind the passenger's seat. There was an empty beer carton in the back seat.

{5} Officer Gutierrez determined that the accident was caused by a front tire blowout that made the vehicle veer off the roadway. Officer Gutierrez testified that the vehicle was traveling above the posted speed limit. He further stated that, in his opinion, alcohol

played a part in the accident because if Defendant had not been impaired, Defendant might have been able to control the vehicle better when the tire exploded.

## DISCUSSION

### Verdict Supported by Substantial Evidence

■ {6} The State was required to prove that Defendant was driving while "under the influence of intoxicating liquor." NMSA 1978, § 66–8–102(A) (2002). A person is under the influence of intoxicating liquor if "as a result of drinking liquor the [driver] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the [driver] and the public." UJI 14–4501 NMRA 2002; *accord State v. Sanchez*, 2001–NMCA–109, ¶ 6, 131 N.M. 355, 36 P.3d 446.

{7} Defendant argues that the State failed to show any direct evidence of impaired driving and, therefore, the verdict is unsupported by sufficient evidence. In reviewing a claim of insufficient evidence, we determine whether there is substantial evidence of either a direct or circumstantial nature to support a verdict of guilty beyond a reasonable doubt with respect to every element of the crime charged. *State v. Apodaca*, 118 N.M. 762, 765–66, 887 P.2d 756, 759–60 (1994). We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *Id.* Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *State v. Salgado*, 1999–NMSC–008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (quoting *State v. Baca*, 1997–NMSC–059, ¶ 14, 124 N.M. 333, 950 P.2d 776). The question on appeal is not whether substantial evidence would also have supported a verdict of acquittal, but whether substantial evidence supports the verdict rendered. *State v. Sosa*, 2000–NMSC–036, ¶ 6, 129 N.M. 767, 14 P.3d 32.

{8} Here, the jury had before it evidence that Defendant was the driver of a vehicle involved in a rollover accident. The jury heard the observations of the police officers regarding Defendant's appearance, slurred speech, and a strong odor of alcohol. Defendant admitted to having drunk a few beers earlier, and the jury heard that Defendant had characterized his drinking as "not too much." Importantly, the jury heard that Defendant refused to submit to a chemical test for blood alcohol level from which the jury reasonably could infer that Defendant was conscious of his own guilt. *See State v. Wright*, 116 N.M. 832, 835, 867 P.2d 1214, 1217 (Ct.App.1993). In our judgment, the combination of this evidence was sufficient for a reasonable jury to conclude, beyond a reasonable doubt, that Defendant's driving was likely impaired and that he was guilty of DWI. *See Sanchez*, 2001–NMCA–109, ¶¶ 8–9, 131 N.M. 355, 36 P.3d 446 (holding that evidence of a driver's refusal to consent to field sobriety tests, along with other indicators such as odor of alcohol, babbling speech, and an admission to drinking, were sufficient to create an inference of impaired driving for the purpose of establishing probable cause to make an arrest).

■ {9} We recognize, as Defendant argues, that the accident was primarily caused by a tire blowout. Thus, the fact of the accident alone cannot create an inference of impaired driving. However, a reasonable juror could have combined the fact of that accident with the testimony from the investigating officer that Defendant was speeding, and that his speed, along with his impaired condition, may have prevented him from controlling the vehicle when the blowout occurred.

{10} We also acknowledge our precedent stating that the odor of alcohol on one's breath, taken alone, "is not a sufficient basis for inferring [that the defendant] was under the influence of intoxicating liquor." *Lopez v. Maes*, 81 N.M. 693, 699, 472 P.2d 658, 664 (Ct.App.1970). However, there is more to this case than simply the odor of alcohol and an admission to consuming alcohol. These factors, along with other symptoms of intoxication described above, when combined with Defendant's refusal to submit to a blood alcohol test, are sufficient to create the necessary inferences of intoxication and impairment.

{11} Defendant offers his own explanation for the physical indicators relied upon by the

officers in reaching their determination that Defendant was intoxicated while driving. He argues that the beer was spilled from the passenger's open container during the roll-over, thus creating the odor. He argues that he was in pain from injuries incurred during the accident, thus explaining his slurred speech and watery eyes. He argues that medication could have caused or mimicked his symptoms of intoxication. While we recognize there may be reasonable, alternative explanations for each of the physical indicators of intoxication, the jury was not required to find those explanations persuasive. The question on appeal is whether substantial evidence supports the verdict actually rendered, not some other verdict.

**Motion for Mistrial**

{12} Defendant contends that the trial court should have granted him a mistrial when one of the police officers inadvertently mentioned his prior convictions while testifying. We review the grant or denial of a motion for mistrial for an abuse of discretion. *State v. McDonald*, 1998–NMSC–034, ¶ 26, 126 N.M. 44, 966 P.2d 752. " 'An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason.' " *State v. Woodward*, 1996–NMSC–012, ¶ 6, 121 N.M. 1, 908 P.2d 231 (1995) (quoting *Apodaca*, 118 N.M. at 770, 887 P.2d at 764).

{13} During Officer Garcia's testimony, he was asked what happened after he placed Defendant under arrest. He stated to the jury that dispatch called him and advised him that there was a warrant for Defendant's arrest and that he had a revoked license for prior convictions. At that point, Defendant moved for a mistrial on the basis that reference to prior convictions was irrelevant and prejudicial. The trial court denied the motion. Instead, the court instructed the jury to disregard any statements about Defendant driving on a revoked license because the only charge before the jury was DWI. The trial court informed the jury that the prior convictions were not to be considered during its deliberations. The offending testimony was ordered stricken from the record.

{14} New Mexico cases agree that when a court promptly sustains an objection and admonishes the jury to disregard the evidence, it usually cures any prejudicial impact of inadmissible evidence. *State v. Simonson*, 100 N.M. 297, 301, 669 P.2d 1092, 1096 (1983). Here, the mention of Defendant's revoked license for prior convictions was unsolicited and received an immediate objection. The trial court struck the testimony and admonished the jury not to consider it. We believe the trial court took appropriate measures to cure any error and potential prejudice. There was no need for a mistrial.

{15} Defendant argues that in light of the paucity of evidence supporting the DWI conviction, the introduction of inadmissible evidence of prior convictions and a revoked license must have contributed to the conviction, thereby infecting the process and mandating a new trial. We do not agree. It is too speculative to conclude that there exists a " 'reasonable possibility that the evidence ... might have contributed to the conviction.' " *State v. Haynes*, 2000–NMCA–060, ¶ 22, 129 N.M. 304, 6 P.3d 1026 (quoting *State v. Torres*, 1999–NMSC–010, ¶ 52, 127 N.M. 20, 976 P.2d 20). Substantial evidence supported the conviction without any consideration of Defendant's driving record. *Cf. Torres*, 1999–NMSC–010, ¶¶ 52–53, 127 N.M. 20, 976 P.2d 20 (finding that erroneous admission of HGN test was prejudicial, and not harmless error, where the only evidence of intoxication was the results of three field sobriety tests and the results of the HGN test were presented to the jury as being the most accurate indicator of intoxication). In the absence of contrary evidence, we assume that the jury did as it was instructed and based its conviction on the evidence it was permitted to consider. The offending testimony was not unfairly prejudicial so as to require a new trial.

**CONCLUSION**

{16} We affirm the conviction.

{17} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and JONATHAN B. SUTIN, Judges.