This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                         **NO. 28,981**

**ROY TOWNSEND,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant was convicted of DWI and driving on a suspended or revoked license. He raises two issues on appeal: (1) the district court erred in admitting his BAC test results despite the prosecutor's failure to timely disclose, and (2) the evidence was insufficient to support the conviction for DWI. For the reasons that follow, we affirm.

**BACKGROUND**

Defendant's convictions arise out of an incident that occurred on February 4, 2008. Officer Swenk of the Farmington Police Department was dispatched to the scene of a single-vehicle accident. When he arrived, he observed a car that had run off the road and crashed into a fence. He also saw Defendant running away. After surveying the scene, including the tire tracks in the snow, the damage to the vehicle, and the damage to the fence and a nearby pole, Officer Swenk formed the impression that the vehicle had run off the road, and when the driver had tried to back out, he hit the pole and then ran into the fence. Officer Swenk also found two open containers of alcohol in the car. Finally, Officer Swenk noted that the vehicle was still warm to the touch, suggesting that it had recently been driven.

Officer King also arrived at the scene of the accident. He observed Defendant walking away toward a motel and pursued him. When Officer King caught up with him, he observed that Defendant had bloodshot, watery eyes, slurred speech, and

emitted an odor of alcohol. Defendant admitted both that he had been drinking prior to the accident and that he was the driver of the car.

Defendant claimed that he had been hit from behind by another vehicle. However, Officer King found the damage to the vehicle to be inconsistent with Defendant's story, particularly insofar as paint had transferred from the pole to the damaged area at the rear end of the car.

Defendant was taken to the Farmington Police Department where he refused to submit to a breath-alcohol test. Officer King therefore obtained a search warrant authorizing a blood draw. After the draw was performed and the sample was analyzed, a toxicologist concluded that Defendant's blood-alcohol content (BAC) was .22.

At trial, Defendant objected to the BAC test results on grounds that the State had only disclosed that information the day before. The district court overruled the objection, apparently on grounds that the defense was not prejudiced by the delay.

**DISCUSSION**

**Admission of the BAC Test Results**

Defendant asserts that the BAC test results should have been excluded at trial due to the prosecutor's failure to timely disclose. In his brief in chief, Defendant characterized this as a *Brady* violation. Subsequently, however, in apparent

3

recognition of the inapplicability of *Brady*, Defendant re-characterized the issue in terms of a discovery violation. *See generally State v. Balenquah*, 2009-NMCA-055, ¶ 12, 146 N.M. 267, 208 P.3d 912 (observing that *Brady* concerns the suppression of evidence that is favorable to the defense), *cert. denied*, 2009-NMCERT-004, 146 N.M. 642, 213 P.3d 792.

Generally, we do not address arguments advanced for the first time in reply briefs. *State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 20, 127 N.M. 540, 984 P.2d 787. However, the objection at the district court level was clearly based on a discovery violation rather than *Brady*. Moreover, both below and when briefing this appeal the State was clearly aware of the nature of the problem actually presented. Under these circumstances, we conclude that it is appropriate to address Defendant's argument, properly framed as a discovery issue.

When a discovery violation is alleged, the following factors are considered: "'(1) whether the [s]tate breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether the non-disclosure of the evidence prejudiced the defendant; and (4) whether the trial court cured the failure to timely disclose the evidence.'" *State v. McDaniel*, 2004-NMCA-022, ¶ 8, 135 N.M. 84, 84 P.3d 701 (*quoting State v. Mora*, 1997-NMSC-060, ¶ 43, 124 N.M. 346, 950 P.2d 789). We generally review the election of

4

remedies for discovery violations for abuse of discretion. *State v. Ruiz*, 2007-NMCA-014, ¶ 49, 141 N.M. 53, 150 P.3d 1003.

With regard to the first factor, Rule 5-501(A)(4) NMRA and Rule 5-505(A) NMRA establish a continuing duty to promptly disclose any results or reports of scientific tests or experiments within the possession, custody, or control of the State. Insofar as the BAC test results fall within this category, they were subject to prompt disclosure. It appears that the prosecutor received the test results approximately four months prior to trial, but failed to turn them over until the day before the proceedings commenced. Because the prosecutor failed to disclose the test results as soon as they came into the State's possession, a violation of the duty to disclose occurred. *Cf. McDaniel*, 2004-NMCA-022, ¶ 10 (holding that the duty to disclose established by Rules 5-501(A) and 5-505(A) was not violated where disclosure occurred "as soon as" the prosecutor obtained the material in question).

Turning to the second factor, materiality is established upon a showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *McDaniel*, 2004-NMCA-022, ¶ 11 (internal quotation marks and citation omitted). This may be accomplished either by demonstrating that the evidence would have been rendered insufficient to

support the verdict or by indicating how early disclosure of the statement would have changed the defense at trial. *See id.* ¶ 13.

Defendant has advanced an attack on the sufficiency of the evidence. However, the fact that Defendant believes a different result could have been reached does not amount to a demonstration that the result of the trial would have been different if the test results had been disclosed earlier. *See, e.g.*, *id.* ¶ 13 (rejecting a claim of materiality where the defendant simply denied the allegations and presented a different account of events).

Defendant has also suggested that the defense could have been different if the BAC results had been timely disclosed. He suggests that "plea negotiations might have gone very differently," and alternatively, "had the case gone to trial, the defense would have had time to talk to an expert and possibly cast doubt upon the blood test results." However, such speculation is insufficient to carry the burden of demonstrating materiality. *Cf. State v. Chavez*, 116 N.M. 807, 812, 867 P.2d 1189, 1194 (Ct. App. 1993) (observing that "evidence is material when there is a realistic basis, beyond extrapolated speculation, for supposing that availability of the lost evidence would have undercut the prosecution's case" (internal quotation marks and citation omitted)). To the contrary, a concrete demonstration of how the defense could actually have proceeded differently so as to undermine the State's case is required.

6

*See, e.g.*, *State v. Duarte*, 2007-NMCA-012, ¶ 19, 140 N.M. 930, 149 P.3d 1027 (rejecting a claim of materiality where the defendant failed to demonstrate in a concrete fashion how earlier disclosure would have altered his defense).

The third factor, prejudice, depends upon an affirmative demonstration that the untimely disclosure adversely affected the defense. *See McDaniel*, 2004-NMCA-022, ¶ 14. If the prosecutor's failure to promptly disclose the test results demonstrably deprived Defendant of the opportunity to alter his strategy, he was prejudiced. *See State v. Allison*, 2000-NMSC-027, ¶¶ 18, 26, 129 N.M. 566, 11 P.3d 141 (holding that the untimely disclosure of a prior arrest prejudiced the defendant where credibility was critical to the defense and where the prosecutor's conduct prevented the defense from altering its strategy to avoid an attack on the defendant's credibility). However, as previously stated, it is not clear how Defendant could have altered his strategy to affect the outcome at trial. His suggestion that plea negotiations might have been handled differently is unpersuasive. *See State v. Desnoyers*, 2002-NMSC-031, ¶ 25, 132 N.M. 756, 55 P.3d 968 (rejecting a discovery-related challenge in a criminal case where the prejudice to the defense was purely speculative), *abrogated on other grounds by State v. Forbes*, 2005-NMSC-027, ¶ 6, 138 N.M. 264, 119 P.3d 144. And insofar as Defendant has identified no concrete manner in which the accuracy of the BAC test results could have been impugned, we fail to see how timely disclosure

7

could be said to have permitted the defense to pursue a different strategy. *See Duarte*, 2007-NMCA-012, ¶ 19 (rejecting a claim of prejudice where the defense failed to affirmatively demonstrate how earlier disclosure of certification and calibration logs would have improved the defense or allowed the defense to prepare differently for trial).

The fourth and final factor, curative action, concerns the form of remedy or sanction imposed by the district court in response to the untimely disclosure. *Ruiz*, 2007-NMCA-014, ¶ 54. Below, Defendant moved to exclude the BAC test results altogether. The district court simply denied the motion. No additional or alternative relief was requested or granted.

In summary, although the prosecutor appears to have violated the duty to promptly disclose and although no curative action was taken by the district court, Defendant has failed to demonstrate either materiality or prejudice to the defense. Under such circumstances, reversal is not warranted. *See Duarte*, 2007-NMCA-012, ¶ 19 (declining to reverse a conviction based on the prosecution's failure to timely disclose certification information and calibration logs where the defendant failed to demonstrate either that the evidence was material or that the defense was prejudiced by a delayed disclosure).

Defendant relies on *Allison* as support for his request for a new trial. However, *Allison* is distinguishable insofar as the defendant in that case demonstrated that an attack on his credibility could have been avoided by pursuing a different strategy at trial. 2000-NMSC-027, ¶¶ 11, 18, 32. As previously stated, in this case there has been no showing that Defendant could have altered his strategy to achieve any measurable gain.

In conclusion, we observe that the prosecutor's conduct "is not to be commended." *State v. Manus*, 93 N.M. 95, 103, 597 P.2d 280, 288 (1979), *overruled on other grounds by Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982). However, insofar as the delayed disclosure was neither material nor prejudicial, reversal is not warranted. *See Duarte*, 2007-NMCA-012, ¶ 19. We therefore reject Defendant's first assertion of error.

**Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence to support his conviction for DWI.

"[T]he test to determine the sufficiency of evidence in New Mexico . . . is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319

(1988).  "A reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.*  An appellate court "does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Id.*

On appeal, Defendant has limited his argument to challenging the sufficiency of the evidence to establish that he had been drinking prior to the accident, rather than afterward.  We confine our analysis accordingly.  *See State v. Foster*, 1999-NMSC-007, ¶ 41, 126 N.M. 646, 974 P.2d 140 (limiting the scope of review of a sufficiency challenge to the specific elements actually challenged in the briefs and observing that issues not briefed are deemed abandoned), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, ¶ 9, 148 N.M. 381, 237 P.3d 683; *State v. Dawson*, 1999-NMCA-072, ¶ 13, 127 N.M. 472, 983 P.2d 421 (reviewing the sufficiency of the evidence to establish only those elements specifically challenged on appeal).

Our Supreme Court has previously recognized that "information regarding when a defendant had begun or ceased drinking may be difficult to obtain absent an admission from the defendant." *State v. Downey*, 2008-NMSC-061, ¶ 35, 145 N.M. 232, 195 P.3d 1244. Accordingly, circumstantial evidence may be relied upon.  *Id.*

In this case, Defendant admitted that he had been drinking prior to driving.

Additional circumstantial evidence was also presented: the physical evidence surrounding the scene of the accident indicated that Defendant had driven off the road and into a fence; there were open containers visible inside the car; Defendant fled the scene; Defendant exhibited a variety of physical conditions consistent with intoxication, including bloodshot eyes, slurred speech, and an odor of alcohol; Defendant refused to submit to a breath test; and Defendant ultimately registered a BAC of .22. We conclude that this evidence was more than sufficient to establish that Defendant had consumed alcohol prior to driving, such that he was driving while under the influence within the meaning of the statute. *See, e.g.*, *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated); *State v. Caudillo*, 2003-NMCA-042, ¶ 8, 133 N.M. 468, 64 P.3d 495 (holding that the evidence was sufficient to support a conviction for DWI, based on the defendant's involvement in an accident, witness observations about odor of alcohol, the defendant's admission to having drank a few beers, and his refusal to submit to BAC testing); *State v. Scussel*, 117 N.M. 241, 243, 871 P.2d 5, 7 (Ct. App. 1994) (holding that the evidence was sufficient to support a conviction for DWI where the defendant's breath smelled strongly of alcohol, his eyes were bloodshot and

watery, his speech was slurred, he admitted having recently consumed alcohol, he failed field sobriety tests, and he tested at .10 for blood alcohol content); *State v. Greyeyes*, 105 N.M. 549, 550, 552, 734 P.2d 789, 790, 792 (Ct. App. 1987) (holding that there was sufficient evidence to establish that the defendant had been driving his vehicle while intoxicated, despite the fact that the arresting officer did not actually ever observe the defendant in the act of imbibing alcohol or operating the motor vehicle, where the defendant admitted that he had been drinking and that he had driven into a rail, the defendant smelled of alcohol, and the defendant registered a BAC of .18 - .19); *and see generally State v. Jacobs*, 2000-NMSC-026, ¶ 15, 129 N.M. 448, 10 P.3d 127 (recognizing that evidence of flight suggests consciousness of guilt); *Caudillo*, 2003-NMCA-042, ¶ 8 (observing that refusal to submit to a BAC test suggests consciousness of guilt).

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**