This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 33,210**

**ANJELICA PAPAGEORGIOU,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Gary K. King, Attorney General
Paula E. Ganz, Assistant Attorney General
Santa Fe, NM

for Appellee

Attorney and Counselor at Law P.A.
Eric D. Dixon
Portales, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant, Anjelica Papageorgiou, appeals the district court's affirmance of her magistrate court conviction for careless driving, contrary to NMSA 1978, Section 66-8-114 (1978). Defendant first argues that the State failed to prove an essential element of the offense; that the careless driving occurred on a "highway." Defendant also argues that the evidence is insufficient to establish that she was the driver. We hold that the State presented sufficient evidence that the incident occurred on a highway as defined by New Mexico law, and that the conviction was otherwise supported by sufficient evidence. We therefore affirm the district court.

**BACKGROUND**

{2} The State presented two witnesses at the trial in magistrate court. Candace Baros testified that, in November 2012, she was driving in front of the Roosevelt County Museum when she observed a dark-colored vehicle pull out of a parking space and collide with a car that was parked on the opposite side of the street. Ms. Baros testified that the collision occurred because the driver of the vehicle made an awkward reverse turn out of the parking space to go against the flow of traffic. Ms. Baros testified that the driver was a female and was using a cell phone at the time of the collision. Ms. Baros wrote down the license plate number of the vehicle as it drove away and called police.

{3}     Sergeant Gary Ford of the Eastern New Mexico University (ENMU) police department testified that he received a report of a possible accident on West University Lane on November 16, 2012, and was given a license number by his office. He had the license number run through the university's system to see who the vehicle was registered to, and based on this information, another officer contacted Defendant and asked her to come to the scene. Sergeant Ford then went to the scene, and Ms. Baros showed him which car had been struck. Sergeant Ford testified that Defendant came to the scene, and said that her vehicle had been parked in the area, but that she was not aware of hitting another car when she backed out of the parking space. Sergeant Ford testified that he saw both a scuff mark on Defendant's vehicle and some slight damage to the parked car. Sergeant Ford testified that the marks on both vehicles were consistent with Ms. Baros' account of a vehicle making a right hand turn while reversing out of a parking space and hitting the parked car across the street.

{4}     In describing the area where the incident occurred, Sergeant Ford testified that West University Lane is a two-way street with no striped center line in the area of ENMU. It intersects Highway 70 at one end and University Drive at the other end. Sergeant Ford testified that all roadways and parking lots on ENMU property are public, and West University Lane is open to the public for vehicular travel without restriction. Sergeant Ford also testified that there are diagonal painted parking dividers

3

along both sides of West University Lane. These spaces are used exclusively for ENMU parking, with some spaces designated for visitors. Sergeant Ford testified that a permit from ENMU is required to park in the stalls, and that ENMU owns and controls the general area.

{5} Defendant testified that she was parked in the area on the day in question, but that she pulled out of the parking space without hitting another car or was unaware if she did hit another car. Defendant denied being on her cell phone and said that she was giving her full attention to driving at the time. The magistrate court found Defendant guilty of careless driving, and the district court affirmed the judgment and sentence. Defendant now appeals.

**ANALYSIS**

{6} Defendant first argues that she cannot be convicted of careless driving because the incident took place in a "parking lot" and not on a "highway" as defined by New Mexico law. In order to convict Defendant of careless driving, the State was required to prove that Defendant operated a vehicle "on the highway," and that she operated the vehicle "in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances." Section 66-8-114; *see* UJI 14-4505 NMRA. In *State v. Brennan*, 1998-NMCA-176, ¶ 4, 126 N.M. 389, 970 P.2d 161, we held that the state

4

must prove that the careless driving occurred on a "highway," as defined in the Motor Vehicle Code, as an element of the offense. *See id.* ("[T]he place where the careless driving occurs is an element of the offense, and if the place does not fit within the statutory definition, then no statutory crime has been committed."). Driving that occurs in a "parking lot" is not covered by the careless driving statute because a parking lot is excluded from the statutory definition of highway. *Id.* ¶ 7.

{7}     We therefore review to determine whether the State introduced sufficient evidence to support the magistrate court's determination that the location where the vehicle was operated was a "highway" as defined by New Mexico law. *See State v. Sellers*, 1994-NMCA-053, ¶ 17, 117 N.M. 644, 875 P.2d 400 ("The [s]tate has the burden of proving beyond a reasonable doubt each element of the crime."). "When reviewing a factual finding on appeal, we determine whether substantial evidence exists to support a verdict of guilt beyond a reasonable doubt with respect to every element, viewing the evidence in the light most favorable to supporting the verdict and indulging all permissible inferences in favor of upholding the verdict." *State v. Fike*, 2002-NMCA-027, ¶ 19, 131 N.M. 676, 41 P.3d 944, *abrogated on other grounds by State v. Frawley*, 2007-NMSC-057, ¶ 36, 143 N.M. 7, 172 P.3d 144. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Gonzales*, 2010-NMCA-023, ¶ 4, 147 N.M. 735, 228

P.3d 519 (alterations, internal quotation marks, and citation omitted). **{8}** The Motor Vehicle Code defines "highway" or "street" as "every way or place generally open to the use of the public as a matter of right for the purpose of vehicular travel, even though it may be temporarily closed or restricted for the purpose of construction, maintenance, repair or reconstruction[.]" NMSA 1978, § 66-1-4.8(B) (1991). We believe that the State introduced sufficient evidence at trial to support this finding. Sergeant Ford testified that the incident occurred on a two-lane roadway that is open to the general public for vehicular travel without restriction. This is squarely within the statutory definition of the term "highway." Additionally, Sergeant Ford described the incident as occurring on the "roadway." The term "roadway" is defined by the Motor Vehicle Code as "that portion of a street or highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder[.]" NMSA 1978, § 66-1-4.15(N) (2007). The term "roadway" therefore refers to a portion of a "highway."

**{9}** Insofar as the incident occurred in an area that contained parking spaces designated for ENMU patrons, Defendant argues that the area is properly classified as a "parking lot" rather than a "highway." *See* NMSA 1978, § 66-1-4.14(B) (1999) (defining "parking lot" as "a parking area provided for the use of patrons of any office of state or local government or of any public accommodation, retail or commercial

6

establishment[.]"). Defendant points to evidence that the spaces along West University Lane require parking permits, and that ENMU controls who is allowed to park in the spaces. Defendant also argues that the area cannot be a public highway because it is on a school campus.

{10} We disagree. In our estimation, the presence of designated parking spaces along a roadway does not remove the area in question from the statutory definition of a highway. In this case, the evidence established that West University Lane is open to the general public for vehicular travel without restriction, which brings it within the statutory definition of a highway. We believe that this evidence also excludes the area from the definition of a parking lot. As we noted in *Brennan*, a parking lot "is not generally open to the use of the public as [a] matter of right for the purpose of travel." 1998-NMCA-176, ¶ 7. Authority from other jurisdictions relied on by Defendant to support this argument is not persuasive, as it involves either different statutory definitions of the term highway or cases in which it was undisputed that the driving occurred in parking lots or private driveways.

{11} We also reject Defendant's argument that as a matter of law West University Lane cannot be a public road because it passes through the campus owned by ENMU. Defendant cites to no New Mexico authority to suggest that a road that passes through a school or university campus is excluded from the statutory definition of highway.

Defendant relies on authority from other jurisdictions which suggests that roads on school property are not highways. However, we do not find these cases persuasive because they involve situations in which there was no dispute that the incidents occurred in areas that were not generally open to the public. In contrast, in this case, the evidence showed that West University Lane was open to the general public for travel. We therefore affirm the magistrate court's finding on this issue.

{12} Defendant next argues that the evidence was insufficient to convict her because no one identified her as the driver of the vehicle and she denied that she hit another car or was using her cell phone when she backed out of the parking space. On appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 1994-NMSC-121, ¶ 3, 118 N.M. 762, 887 P.2d 756.

{13} In our view there was ample circumstantial evidence to establish that Defendant was the driver of the vehicle that collided with the parked car. *See State v. Santillanes*, 1970-NMCA-003, ¶ 9, 81 N.M. 185, 464 P.2d 915 (noting that the identity of the perpetrator of a crime can be established by circumstantial evidence); *see also City of Raton v. Cowan*, 1960-NMSC-120, ¶ 10, 67 N.M. 463, 357 P.2d 52 (noting that, although the defendant denied being the driver of a vehicle involved in a collision, there was sufficient circumstantial evidence to establish his identity). Ms. Baros saw

a specific vehicle back out of a parking space against the flow of traffic and hit a parked car. Ms. Baros copied the license plate number of the vehicle and reported it to police, who identified the vehicle as registered to Defendant. Defendant admitted that she had been in the area earlier and had backed out of a parking space. This evidence, along with the evidence that Defendant was using her cell phone and reversing out of the parking space against the flow of traffic at the time she hit the parked car, is sufficient to establish careless driving. *See State v. Baldonado*, 1978-NMCA-111, ¶¶ 1, 4, 92 N.M. 272, 587 P.2d 50 (stating that the careless driving statute "prohibits driving while not paying enough attention under the existing circumstances" and affirming a conviction for careless driving where the driver ran a red light and hit another car); *see also State v. Yarborough*, 1996-NMSC-068, ¶ 21, 122 N.M. 596, 930 P.2d 131 (stating that the careless driving statute only requires a showing of ordinary or civil negligence).

{14}     Defendant also challenges Ms. Baros' testimony, arguing that she was too far away to see what happened and that she misidentified the color of Defendant's vehicle. Defendant also points to her own testimony that she was not on a cell phone. However, despite contrary evidence offered by Defendant, for the reasons stated above, we believe that the evidence was sufficient to establish that Defendant drove carelessly. *See State v. Caudillo*, 2003-NMCA-042, ¶ 7, 133 N.M. 468, 64 P.3d 495

9

(holding that, on appeal, the question is whether substantial evidence supports the verdict, not whether substantial evidence would have also supported acquittal). To the extent that there were differences between Defendant's account and that of the other witnesses, it was for the factfinder, in this case the magistrate court, to resolve. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

{15}     For these reasons, we affirm Defendant's conviction for careless driving.

{16}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**