This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39086**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**VIRGIL WATCHMAN,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Felicia R. Blea-Rivera, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals directly to this Court from a metropolitan court conviction for aggravated driving while intoxicated (DWI) based on refusal. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Vehicle Stop**

**{2}** Defendant continues to claim that the officer lacked reasonable suspicion to stop his vehicle. [MIO 1] "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law. Unsupported intuition and inarticulate hunches are not sufficient." *State v. Rivas*, 2007-NMCA-020, ¶ 7, 141 N.M. 87, 150 P.3d 1037 (internal quotation marks and citation omitted). "In determining whether reasonable suspicion exists, we examine the totality of the circumstances." *State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836 (quoting *State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 21, 130 N.M. 386, 25 P.3d 225). "Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." *State v. Robbs*, 2006-NMCA-061, ¶ 9, 139 N.M. 569, 136 P.3d 570.

**{3}** Given "the exigency of the possible threat to public safety that a drunk driver poses, New Mexico's grave concern about the dangers of drunk drivers, and the minimal intrusion of a brief investigatory stop," our case law holds that an anonymous call providing information detailed enough for deputies to find the vehicle in question and confirm the description is reasonable under the totality of the circumstances. *State v. Contreras*, 2003-NMCA-129, ¶ 21, 134 N.M. 503, 79 P.3d 1111. The reliability of the information from a citizen is further enhanced when the tipster reveals their identity. *See Robbs*, 2006-NMCA-061, ¶ 13 (concluding that a person willing to identify himself to the police when providing a tip was more reliable than an anonymous tipster because he "could have been held accountable if the information was false").

**{4}** In this case, officers responded to a domestic dispute and spoke to Defendant's wife, who appeared intoxicated. [DS 6] She told the officers that Defendant was intoxicated and left in their silver Impala. [DS 6] This situation therefore involved both a suspected DWI and an identified informant. [DS 6] Although Defendant claims that the vehicle description was less specific than in *Contreras* [MIO 1], we again note that the present case involves an identified informant, with the reasonableness of the stop enhanced by the fact that the officer observed Defendant's vehicle driving by the apartment. [DS 6] Given the proximity between the vehicle and Defendant's apartment, we conclude that the vehicle stop was reasonable under the totality of circumstances. In addition, we note that it appears from the record that, after observing and following Defendant's vehicle, Defendant's vehicle was stopped after failing to use a turn signal. [RP 34] Our Supreme Court has consistently recognized the legal validity of a stop based on reasonable suspicion of a traffic code violation. *See, e.g., State v. Ochoa*, 2008-NMSC-023, ¶ 15, 143 N.M. 749, 182 P.3d 130.

**Refusal**

**{5}** Defendant continues to claim that the prosecutor impermissibly shifted the burden of proof onto him during closing argument by stating that Defendant could have supported his assertion that he was not impaired by submitting to a breath test. [MIO 2]

**{6}** "During closing argument, both the prosecution and defense are permitted wide latitude, and the trial court has wide discretion in dealing with and controlling closing

argument[.]" *State v. Smith*, 2001-NMSC-004, ¶ 38, 130 N.M. 117, 19 P.3d 254 (internal quotation marks and citations omitted). "[R]emarks by the prosecutor must be based upon the evidence or be in response to the defendant's argument." *Id.*

**{7}** Here, because refusal to submit to a breath test was an element of crime charged, we conclude that this was a permissible comment on the evidence. *See State v. Caudillo*, 2003-NMCA-042, ¶ 10, 133 N.M. 468, 64 P.3d 495 (observing that the refusal to submit to test allows for reasonable inference that an individual is trying to hide impairment). We decline Defendant's invitation [MIO 2] to overrule *Caudillo*. We also note that, to the extent that the comment could be construed as burden-shifting, the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2019), placed this burden on him as an implicit precondition to driving a motor vehicle under the conditions applicable to this case. *See* § 66-8-107(A).

**Remaining Issues**

**{8}** Defendant has expressly abandoned these issues. [MIO 3]

**{9}** For the reasons set forth above, we affirm.

**{10}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**