This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38072**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GERARDO VASQUEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Gerardo Vasquez appeals his convictions for aggravated driving under the influence of intoxicating liquor or drugs (DUI), contrary to NMSA 1978, Section 66-8-102(D)(1) (2016); and driving while license revoked, contrary to NMSA 1978, Section 66-5-39.1(B) (2013). Defendant raises the following claims: (1) the district court erred in denying Defendant's request for a mistrial predicated on testimony about his criminal history; (2) insufficient evidence supports Defendant's conviction for driving while license revoked; (3) the district court erred in refusing to take judicial notice of

certain weather conditions; (4) Defendant's right to a speedy trial was violated; and (5) the district court erred in denying Defendant's request to exclude a witness as a sanction for the State's late disclosure. Having considered the issues and arguments, we see no basis for reversal and therefore affirm.

**BACKGROUND**

**{2}** Defendant's convictions arose from a nighttime traffic stop in Clovis, New Mexico. Defendant was driving a car with a suspended registration, which caught the attention of New Mexico State Police Officer Jonathan Cardenas. After pulling Defendant over, Officer Cardenas learned that Defendant's driver's license was revoked and that there was a warrant for his arrest; he also observed signs of Defendant's intoxication. Officer Cardenas arrested Defendant and took him to the New Mexico State Police office where he administered standard field sobriety tests (SFSTs). Defendant subsequently submitted to a breath alcohol test, which showed an alcohol concentration of 0.26.

**{3}** The State charged Defendant with aggravated DUI and driving while license revoked, and the jury found him guilty of both counts.[1] We discuss additional facts as needed in our analysis of the issues.

**DISCUSSION**

**I.    Motion for a Mistrial**

**{4}** Defendant contends the district court abused its discretion in denying his motion for a mistrial based on testimony about Defendant's criminal background. Prior to trial, the parties stipulated that neither would mention Defendant's criminal history, but during the State's direct examination of Officer Cardenas, the jury heard the following:

| | |
|---|---|
| Prosecutor | Officer, at the end of that video, you see [D]efendant admitting to having consumed a couple of beers, in his words, that evening. At that point, what did you decide to do? |
| Officer Cardenas | I still placed [Defendant] under arrest for driving on a revoked license at the time. There was also a warrant out of Texas, as well, for a probation violation. I placed [Defendant] into my unit after searching him. I took him to the New Mexico State Police office here in Clovis, and conducted the sobriety tests there at the office. |

Defense counsel then objected and moved for a mistrial on the grounds that Defendant was prejudiced by Officer Cardenas's mention of the warrant out of Texas. Instead of

---

1Defendant also was charged with violating the vehicle registration requirements of NMSA 1978, Section 66-3-1 (2013, amended 2018), but the district court directed a verdict as to that count.

granting a mistrial, the district court instructed the jury to disregard the comment. Specifically, the district court judge said:

> Court                         Ladies and gentlemen, I'm going to instruct you to disregard the evidence that—or the testimony that the officer disclosed about any issues out of Texas involving [D]efendant. That will not be admitted as any type of evidence and you will disregard those comments.

**{5}** We review a district court's denial of a motion for a mistrial for an abuse of discretion. *State v. Ruiz*, 2003-NMCA-069, ¶ 6, 133 N.M. 717, 68 P.3d 957. This Court has previously set out the standard used in this context—where the mistrial motion is predicated on a witness improperly mentioning the defendant's criminal background:

> In New Mexico, it is well settled that, even if inadvertent admission of evidence of prior crimes is error, the prompt sustaining of an objection and an admonition to disregard the witness's answer cures any prejudicial effect of the inadmissible testimony. However, the analysis is different if the inadmissible testimony is intentionally elicited by the prosecution. In that case, we must determine whether there is a reasonable probability that the improperly admitted evidence could have induced the jury's verdict.

*Id.* (citations omitted); *see also State v. Gonzales*, 2000-NMSC-028, ¶¶ 37, 39, 129 N.M. 556, 11 P.3d 131 (same), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

**{6}** In this case, Defendant concedes that Officer Cardenas's comment regarding Defendant's warrant out of Texas was inadvertent. Further, defense counsel timely objected to the testimony, and the district court judge promptly instructed the jury that the testimony was not admitted and to disregard it. Given these circumstances, we conclude that the district court "took appropriate measures to cure any error and potential prejudice" and "[t]here was no need for a mistrial." *State v. Caudillo*, 2003-NMCA-042, ¶ 14, 133 N.M. 468, 64 P.3d 495.

**{7}** In support of a contrary result, Defendant raises two contentions. First, Defendant argues the testimony was not harmless. We decline to engage in such an analysis. As discussed, our courts have repeatedly held that, where, as here, a witness's comment on a defendant's criminal background is inadvertent, an admonishment to disregard the comment cures any prejudicial effect. *See, e.g.*, *State v. Fry*, 2006-NMSC-001, ¶ 53, 138 N.M. 700, 126 P.3d 516; *Gonzales*, 2000-NMSC-028, ¶ 37; *Ruiz*, 2003-NMCA-069, ¶ 6; *Caudillo*, 2003-NMCA-042, ¶ 14. To support his contention that further analysis is required, Defendant relies on *State v. Hernandez*, 2017-NMCA-020, 388 P.3d 1016. That case is readily distinguishable. In *Hernandez*, an officer falsely claimed that the defendant had confessed to driving the vehicle involved in a vehicular homicide. *Id.* ¶¶ 1, 10-11. The officer's testimony went to "the most critical

issue in the case[,]" and one that was "highly disputed by the parties." *Id.* ¶ 16. Notwithstanding that this false statement was not intentionally elicited, *id.* ¶¶ 18-19, this Court went on to examine the prejudicial effect of the error and the sufficiency of the curative instruction, *id.* ¶¶ 20-26, because of the "uniquely prejudicial" nature of the comment under the particular circumstances of that case. *Id.* ¶ 16; *see also id.* ¶ 21 ("[A] confession can be highly prejudicial and warrants a close examination of the circumstances. Here, the confession . . . struck at the crux of the defense offered at trial[.]"). Defendant's case does not involve uniquely prejudicial circumstances like those at play in *Hernandez.* Simply put, *Hernandez* provides no justification to depart from the general rule that, where a comment is inadvertent, a curative instruction cures any prejudicial effect without resort to a harmless error examination.

**{8}** Defendant next contends that the instruction was deficient because it gave no information about Defendant's Texas conviction, which, he says, left the jury to speculate about the nature of the conviction. To the extent this contention is distinct from Defendant's harmless error argument, it also is without merit for various reasons. Principal among them is that the district court's instruction to the jury to disregard the testimony was in line with what our case law requires. *See, e.g.*, *Ruiz*, 2003-NMCA-069, ¶ 6; *Caudillo*, 2003-NMCA-042, ¶ 14; *see also Fry*, 2006-NMSC-001, ¶ 53 ("For an inadvertent remark [made by a witness about a defendant's inadmissible prior crime], we have held that the trial court's *offer* to give a curative instruction, *even if refused* by the defendant, is sufficient to cure any prejudicial effect." (emphases added)). Moreover, Defendant fails to direct us to where in the record he requested the type of instruction he now contends was required. We therefore decline to address his argument further. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . citation to the record [where the party invoked the court's ruling on an issue] or any obvious preservation, we will not consider the issue.").

**{9}** For these reasons, we conclude that the curative instruction was sufficient to cure any potential prejudice from the testimony about Defendant's criminal background. The district court therefore did not abuse its discretion in denying Defendant's motion for a mistrial.

## II. Sufficiency of the Evidence for Driving While License Revoked

**{10}** We next address Defendant's argument that insufficient evidence exists to support his conviction for driving while license revoked. "The test to determine the sufficiency of evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 53, 345 P.3d 1056 (alteration, omission, internal quotation marks, and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (alteration, internal quotation marks, and citation omitted). In making our determination, we "view[] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all

conflicts in the evidence in favor of the verdict." *Id.* ¶ 52 (internal quotation marks and citation omitted).

**{11}**     To find Defendant guilty of driving while license revoked, the jury had to find, in relevant part, that (1) Defendant operated a motor vehicle on a public highway in New Mexico while his privilege to do so was revoked; and (2) Defendant knew or should have known that his license was revoked. *See* § 66-5-39.1(A). To prove Defendant committed this offense, the State introduced several admissions by Defendant. A video recording of the stop showed Officer Cardenas asking Defendant for his driver's license and Defendant telling him he did not have one. At trial, Officer Cardenas testified that, after asking Defendant if he was aware of his license status, "[Defendant] said he knew . . . he wasn't supposed to be driving; he had a revoked license[.]" The video recording of that exchange showed Officer Cardenas asking Defendant, "You're not supposed to be driving on your license; it's revoked. Okay, you know that, right?" and Defendant responding, "Oh, yes sir. Normally they just give me a ticket."

**{12}**     In support of his argument that there was insufficient evidence, Defendant attacks this last piece of evidence, contending that his "affirmative response to Officer Cardenas's question was highly ambiguous since Officer Cardenas's question was essentially a compound question." According to Defendant, the evidence is unclear as to whether he knew only that he should not be driving on his license or whether he knew his license was revoked. To adopt Defendant's construction of the evidence, we would—contrary to our standard on appeal—have to draw an inference in conflict with the jury's verdict when a reasonable inference in favor of the jury's verdict can be drawn. *See State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076; *Montoya*, 2015-NMSC-010, ¶ 52.

**{13}**     Viewing the exchange between Defendant and Officer Cardenas in the appropriate light, we view Defendant's contention as without merit. Officer Cardenas communicated to Defendant that he should not be driving on his license because it was revoked. Officer Cardenas then asked Defendant whether he "knew that," and Defendant responded affirmatively. It is immaterial whether Defendant's answer could theoretically have been construed as acknowledging generally that he was not supposed to be driving, given the alternative, reasonable interpretation of this exchange—that Defendant admitted his license was revoked and knew he was not supposed to be driving in light of this fact. Based on Defendant's admissions, and the reasonable inferences drawn from them, we hold there was sufficient evidence to sustain Defendant's conviction for driving while license revoked.

## III.     Defendant's Remaining Claims of Error

**{14}**     We only briefly address Defendant's remaining claims of error.

## A.     Judicial Notice of Certain Weather Conditions

**{15}** Defendant claims the district court abused its discretion by refusing to take judicial notice of an online weather report for the Clovis area during the time Defendant completed his SFSTs. Defendant asserts this evidence supported his theory that the cold and wind irritated his knee, which in turn adversely affected his performance on the SFSTs. The district court judge, citing his unfamiliarity with the source and the uncertainty surrounding the weather readings' location in relation to where Defendant took the SFSTs, declined to take judicial notice of the report but invited counsel to question the arresting officer on the weather conditions during the SFSTs.

**{16}** We do not consider whether the district court erred in declining to take judicial notice of the weather report because, even assuming it was error, we fail to see how the error harmed Defendant to a degree warranting reversal. *See State v. Balderama*, 2004-NMSC-008, ¶ 41, 135 N.M. 329, 88 P.3d 845 (observing that "[e]rror in the exclusion of evidence in a criminal trial is prejudicial and not harmless if there is a reasonable possibility that the excluded evidence might have affected the jury's verdict"); *see also State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245 (explaining that a "[d]efendant bears the initial burden of demonstrating that he was prejudiced by [a nonconstitutional] error"). The facts Defendant sought to be judicially noticed—a drop in temperature from 33 to 31 degrees and an increase in wind speed from 22 to 31 miles per hour—were essentially established by other evidence at trial. As Defendant acknowledges, Officer Cardenas testified that it was 30 to 34 degrees at the time and place of the SFSTs and that it would not surprise him if the wind speeds were around 30 miles per hour. Moreover, defense counsel, in closing, stressed that Defendant had to perform the SFSTs in 30 degree weather and "fierce" winds.

**{17}** Thus, the information sought to be judicially noticed—the weather at the time and place of Defendant's SFSTs—was otherwise introduced and thoroughly examined at trial. Under these circumstances, we cannot say that there is a reasonable possibility that the district court's refusal to take judicial notice of the weather conditions affected the jury's verdict. *See State v. Barela*, 2019-NMCA-005, ¶ 29, 458 P.3d 501 (holding that excluded cumulative evidence did not warrant reversal), *aff'd on other grounds*, 2021-NMSC-001, 478 P.3d 875; *State v. Ruiz*, 2007-NMCA-014, ¶ 43, 141 N.M. 53, 150 P.3d 1003 (same).

## B. Speedy Trial

**{18}** We next address Defendant's claim that the district court erred in denying his motion to dismiss for violation of his right to a speedy trial. Defendant raised a speedy trial claim even though his trial occurred just seven months after his arrest. Relying on *State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387, the district court aptly denied Defendant's speedy trial motion, reasoning:

> This [c]ourt finds that this is a simple case as defined by New Mexico case law. *Id.* ¶ 47. One year may be presumptively prejudicial for simple cases. *Id.* The triggering time of one year has not elapsed in this case and therefore the length of time that it is taking to reach a disposition in this

case is not presumptively prejudicial against . . . Defendant. A presumptively prejudicial delay is a triggering mechanism that requires further inquiry. This [c]ourt finds that Defendant has not sufficiently alerted the [c]ourt to "the possibility of prejudice to his defense and the need for increased speed in bringing the case to trial, i.e., the impending death of a key witness." *Id.* ¶ 49. This [c]ourt is granted with discretion "to decide whether the delay was sufficient to require further inquiry into the speedy trial analysis." *Id.* Upon a meaningful and thorough review, this [c]ourt finds that no further inquiry is required and finds that Defendant's right to speedy trial has not been violated.

We perceive no error in the district court's analysis. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the district court's rulings. Accordingly, it is [the appellant's] burden on appeal to demonstrate any claimed error below." (alterations, internal quotation marks, and citation omitted)).

**{19}** Nor do we perceive any error in the district court's decision to forego full consideration of the *Barker v. Wingo*, 407 U.S. 514 (1972), speedy trial factors, in the absence of presumptively prejudicial delay. In support of his contention that such consideration is warranted here, Defendant does not contend he suffered the type of actual prejudice that *Garza* advised might merit full consideration of the *Barker* factors. *See Garza*, 2009-NMSC-038, ¶ 49. Instead, Defendant simply asserts—without citation to authority or meaningful analysis—that "consideration of the other [*Barker*] factors should be required" because "this case was essentially just a normal [DUI,] which would have to be tried in magistrate court in six months." This is insufficient to establish error. *See State v. Tidey*, 2018-NMCA-014, ¶¶ 28-29, 409 P.3d 1019 (holding that there was no speedy trial violation where the delay did not cross the threshold for presumptive prejudice and where the prejudice-related argument failed to allege prejudice to the defendant's case); *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue[,] and . . . given no cited authority, we assume no such authority exists.").

## C.    District Court's Decision Not to Exclude a Witness

**{20}** Defendant lastly contends that the district court erred in denying his request to exclude a witness as a sanction for the State's late disclosure of the witness. Defendant recognizes that our review of this issue is for an abuse of discretion. *See State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. Defendant, however, makes no argument that the district court's decision not to exclude the witness was clearly untenable or not justified by reason. *See id.* ("We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). Instead, Defendant merely cites *Le Mier* and an unpublished memorandum opinion for the general proposition that the exclusion of a witness *can* be an appropriate sanction. Without any explanation why, under the circumstances, the district court's decision not to exclude the witness amounted to an

abuse of discretion, we reject Defendant's claim as undeveloped. *See State v. Candelaria*, 2019-NMSC-004, ¶ 46, 434 P.3d 297 (declining to consider an unsupported claim).

**CONCLUSION**

**{21}** For the foregoing reasons, we affirm.

**{22} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**